Fuld, J.
This action was brought by a wife against her husband to restrain the continued prosecution of an action for divorce, based on a charge of adultery, instituted by him in France. At Special Term, the wife’s motion for temporary injunction was granted and the husband’s cross motion for dismissal of the complaint denied. The Appellate Division reversed, denying the motion for a temporary injunction and ordering the complaint dismissed. The wife now appeals, as of right, from the judgment dismissing her complaint.
At the very outset of our consideration of this case, we are faced with the procedural question of whether, on this appeal *341 involving the order dismissing the complaint, nncontested facts contained in the parties’ affidavits, before both Special Term and the Appellate Division, on the motion for a temporary injunction are properly before us or whether we are restricted to the allegations of the complaint. The Appellate Division apparently treated the situation as equivalent to a motion for summary judgment and considered the affidavits, as well as the complaint, on the motion to dismiss. Whether this was proper, we need not here decide, for an affirmance is dictated by a consideration of the complaint alone, and it is to its allegations that we confine our attention.
The Arpéis, long domiciled in France, were married in that country in 1933 and there they continued to live until the war period in 1940 when they came to this country and took up residence in a New York City hotel. During the period after the termination of the European hostilities, they returned to France annually, in the Spring and Summer months, living in the same house which they had occupied after their marriage, a house still owned and maintained by the defendant.
The parties separated in 1954 and, following Mrs. Arpéis’ commencement of an action in our Supreme Court, she was granted a judgment of separation which incorporated the support terms of a separation agreement. Four years later, Mr. Arpéis initiated a divorce action against his wife in France, based on her wrongful acts, including adultery, and, although she has not appeared in that action, she was served with the divorce papers, by a form of substituted service, while in France. In the present action, instituted to enjoin her husband from continuing his divorce suit, Mrs. Arpéis alleges that the courts of France have no jurisdiction to entertain it and that the decree sought would cause her irreparable injury.
The use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal. Accordingly, an injunction will be granted only if there is danger of fraud or gross wrong being perpetrated on the foreign court. Furthermore, where a foreign divorce is sought, our courts will intrude, even if a serious impropriety would be involved in its procurement, only when the ensuing decree would be entitled to *342 full faith and credit in this State. (See Rosenbaum v. Rosenbaum, 309 N. Y. 371; Garvin v. Garvin, 302 N. Y. 96; see, also, Goldstein v. Goldstein, 283 N. Y. 146.)
The complaint before us, far from indicating that the French decree would represent a fraud on the French court, sets forth facts which actually tend to support its jurisdiction. The complaint alleges a French marriage, the French domicile of both parties until 1940, the husband’s long-continued and present ownership and maintenance of a home in France, annual visits to France by both parties, substituted service in the French divorce action upon the wife while in France and it also recites that the divorce is sought on the ground of adultery; most significantly, it fails to allege that the parties were not citizens of France when the action was instituted in that country. On the basis of this complaint, not only is there good reason to believe that the French court has jurisdiction to entertain the defendant’s divorce suit and to render a binding judgment under French law, but the likelihood is that the decree, sought on the ground of adultery, will find acceptance under New York rules of comity. (Of. Gould v. Gould, 235 N. Y. 14, 25-26.) The plain fact is that the foreign decree would not violate any public policy of this State and, since this is so, it would be absurd to enjoin the husband from proceeding with the action.
Moreover, as suggested above, the injunctive power will not be exercised where, as here, the foreign decree will not be entitled to full faith and credit. Although our courts will enjoin a spouse from obtaining a divorce in a sister state (see Garvin v. Garvin, 302 N. Y. 96, supra), they will not restrain the prosecution of a divorce proceeding in a foreign country. (See Rosenbaum v. Rosenbaum, 309 N. Y. 371, supra.) Accordingly, even were we to accept the plaintiff’s conclusion, expressed in the complaint, that the husband’s action is founded on facts ‘ ‘ insufficient to confer jurisdiction ’ ’ upon the French courts, we would, nevertheless, deny the injunction since, as we held in the Rosenbaum case (309 N. Y. 371, 374, supra), “ the drastic remedy of injunction” does not lie “to restrain the prosecution of a concededly invalid divorce action in a foreign country ’ ’.
Our decision in the Rosenbaum case stems, in one sense, from Goldstein v. Goldstein (283 N. Y. 146, supra), where an injunc *343 tion was sought against the prosecution of a divorce in Florida. Finding that on the facts alleged the courts of that state were “ wholly without jurisdiction to render a valid divorce ” (p. 148), this court, nevertheless, denied the injunction, reasoning that “ The plaintiff has nothing to fear from the action which her husband has sought to bring against her in Florida for on her statement a judgment entered therein would be a nullity ’ ’ (p. 148).
However, Goldstein v. Goldstein was decided by this court before the United States Supreme Court announced the rule, in Williams v. North Carolina (317 U. S. 287), that a divorce decree, valid under the laws of one of our states, must be granted full faith and credit by a sister state. After the Williams case was decided, the problem posed by Goldstein was again brought before this court in Garvin v. Garvin (302 N. Y. 96, supra); a wife sought to enjoin her husband’s pursuit of a divorce in the courts of the Virgin Islands on the ground that “her husband’s stay in the Islands is temporary only, for divorce purposes, and that any alleged residence there is a sham ’ ’ (p. 101). Based on the assumption that the Williams rule of full faith and credit applies to the courts of an insular possession of the United States to the same degree as to the courts of a sister state, this court held that an injunction would lie. Expressly recognizing that “ The bases for plaintiff’s fear are the ‘ full faith and credit ’ and ‘ prima facie weight ’ holdings of Williams v. North Carolina ”, the court reasoned that, ‘ ‘ If the husband be allowed to prosecute his foreign suit to judgment, the wife, to save her rights as wife, will have to bring a new suit to set aside the foreign decree and in that suit will have to bear the heavy burden of striking down the prima facie effect of the foreign court’s finding of residence ” (p. 102).
The only difference between Garvin and Goldstein is that in the former the foreign decree involved was entitled to full faith and credit, while in the latter, on the state of the federal law at the time it was decided, the foreign decree was not considered subject to the full faith and credit clause. What impelled our intervention in Garvin was the compulsive effect attaching to a decree of the Virgin Islands as a result of the application of the full' faith and credit clause under the rule of the Williams case.
*344 This interpretation of the variant results of the Garvin and Goldstein cases is fully demonstrated by our decision in Rosenbaum v. Rosenbaum (309 N. Y. 371, supra). There, too, a spouse brought suit to enjoin a foreign action for divorce, alleging that .the foreign decree sought would be a legal nullity. The only relevant difference between Rosenbaum and Garvin was the fact that the decree in Rosenbaum was being sought in Mexico and would not have been entitled to full faith and credit, while the decree in the Garvin case would have been. Belying on Goldstein as a binding precedent and distinguishing Garvin as applicable only where full faith and credit would attach to the foreign decree, the court in Rosenbaum denied the injunction, declaring that the “defendant is attempting to prosecute a divorce in a foreign country which would not be entitled to ‘ full faith and credit ’ in this State — precisely the situation we faced [in Goldstein] with respect to sister State divorces as they were regarded prior to the Williams case {supra). What we decided under those circumstances [in Goldstein] is controlling here” (309 N. Y., at pp. 376—377; emphasis supplied), f
The simple test, then, of whether the New York courts will issue an injunction against the prosecution of foreign divorce proceedings resulting in a void decree is whether that decree would be entitled to full faith and credit in this State. Since the decree which the defendant husband seeks in France in this case would not be entitled to full faith and credit, it follows that an injunction does not lie.
This conclusion is not impaired in any manner by the plaintiff’s allegation, in her complaint, that property rights involved in her separation decree may be adversely affected by the French divorce. Whether, and in what respects, the French judgment would affect the defendant’s obligations to the plaintiff under the existing separation decree is, of course, not before us. Whatever the effect may be, however, it can no more provide the basis for an injunction than can the impact of the French divorce on the marital status of the parties. If the French decree is void, it can have no effect on the rights of the parties under the judgment of separation, and, on the other hand, if it is valid, whatever loss of property rights eventuates cannot be considered oppres *345 sive or unjust. Neither possibility warrants our intervention to prevent the issuance of the French decree.
The judgment should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.