SUZANNE M. USHER, Respondent, v. DAVID A. USHER, Appellant.

Third Department, May 3, 1973.

*David A. Usher,* appellant in person.

*Laura H. Holmberg (Walter J. Wiggins* of counsel), for respondent.

.Cooke, J. This is an appeal from an order of the Supreme Court, entered December 18, 1972 in Tompkins County, which denied a motion to dismiss the complaint.

The papers indicate: that plaintiff and defendant, both aliens, following their marriage in New Zealand on December 10, 1960 resided in England until 1963, when they came to the United States; that defendant first served as a postdoctoral student at Harvard University and then as part of the professorial staff at Cornell, the parties having come to Tompkins County, New York, in 1965; that they separated on May 28, 1971, defendant went to England during the next month on study leave and plaintiff moved to New Zealand on August 19, 1971; and that on September 29, 1971, while living in England, defendant was served with a summons commencing an action for divorce, the venue being placed in Tompkins County.

Defendant moved for dismissal of the complaint asserting, after withdrawal of one ground, six bases under subdivision (a) of CPLR 3211, among them being that the court did not have jurisdiction of the subject matter or of defendant's person. The application was denied without prejudice to raising the issue of nonresidency of the parties in defendant's pleadings and upon trial. The gravamen of defendant's appeal is that neither he nor plaintiff was a domiciliary of New York prior to commencement of the action and that, consequently, dismissal should have been granted or a separate hearing ordered on the jurisdictional issues prior to a trial on the merits.

As to the required residence of the parties, section 230 of the Domestic Relations Law provides that an action for divorce may be maintained only when: (1) the parties were married in the State and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding; or, (2) the parties have resided

in this State as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding; or, (3) the cause occurred in the State and either party has been a resident thereof for a continuous period of at least one year immediately preceding the commencement of the action; or, (4) the cause occurred in the State and both parties are residents thereof at the time of the commencement of the action; or, (5) either party has been a resident of the State for a continuous period of at least two years immediately preceding the commencement of the action. The term " residence ", as used in the various provisions of the Domestic Relations Law relating to residence requirements relative to maintenance of actions for divorce has been construed to be synonymous with the term " domicile ", so that the requirement of residence is not satisfied by the mere bodily presence of the parties within the State, no matter for how long a period (*Gray* v. *Gray,* 143 N. Y. 354; *Clapp* v. *Clapp,* 272 App. Div. 378, 379; 1 Foster-Freed, Law and the Family [rev. ed.], p. 134) and, the legal domicile of the wife is prima facie that of her husband (*Matter of Daggett,* 255 N. Y. 243, 246). Under section 230 of the Domestic Relations Law, the lower court lacks subject matter jurisdiction of the action if neither party was in fact domiciled in New York prior to the commencement of the action. Apart. from the question of in rem jurisdiction, personal service outside the State does not give the court personal jurisdiction over a defendant in a matrimonial action unless he is a domiciliary (CPLR 313, 314; *Whitaker* v. *Whitaker,* 32 A D 2d 595).

The issue of domicile is a question of fact and defendant has presented considerable proof supporting his contention that at no time was he domiciled in New York and that plaintiff was not domiciled in New York at the time of commencement of the action. Where the facts presented indicate that the claim of lack of jurisdiction is substantial, the jurisdictional question should be disposed of by the court expeditiously at the threshold of the litigation (*Hammond* v. *Hammond,* 9 A D 2d 615; Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3211, p. 51) and, here, the record presents a separable issue exceptionally well suited to resolution by the procedure provided in CPLR 3211 (subd. [c]) since, if plaintiff and defendant are found to have been non-domiciliaries, the need for a plenary trial will have been obviated and, even if the issue is decided differently, a substantial saving of time will result on the plenary trial (cf. *Duboff* v.

*Board of Higher Educ. of City of N. Y.*, 34 A D 2d 824). In view of the problems apparently confronting both sides, if a trial on the merits is required, arrangements should be made so that it will be conducted shortly after the trial determining the jurisdictional issues.

The order should be modified, on the law and the facts, by remitting the matter to Special Term for an immediate trial pursuant to CPLR 3211 (subd. [c]) of the issues raised under paragraphs 2 and 8 of subdivision (a) of CPLR 3211, and, except as so modified and as to the other alleged grounds for dismissal, order affirmed, without costs.

GREENBLOTT, J. (concurring). I concur in the result. Under CPLR 3211 (subd. [c]) the question of whether a jurisdictional attack should be considered in a separate hearing in advance of the trial, is left to the sound discretion of the trial court. Since plaintiff is a resident of New Zealand, Special Term's decision not to require her to make two long trips to dispose of the case was reasonable.

STALEY, JR., J. P., SWEENEY and MAIN, JJ., concur with COOKE, J.; GREENBLOTT, J., concurs in the result in a separate opinion.

Order modified, on the law and the facts, by remitting the matter to Special Term for an immediate trial pursuant to CPLR 3211 (subd. [c]) of the issues raised under paragraphs 2 and 8 of subdivision (a) of CPLR 3211 and, except as so modified and as to the other alleged grounds for dismissal, order affirmed, without costs.