Frederick A. Dickinson, J.
Defendant moves to dismiss pursuant to CPLR 3211 (subd [a], par 2) the within matrimonial action based upon the lack of jurisdiction over the subject matter and presumably lack of personal jurisdiction (CPLR 313 and 314).
The parties were married in the State of New York in October, 1973. The husband had previously resided in Florida since 1966. After the marriage they lived in Florida. They returned to New York State and lived with the wife’s parents from January, 1974 to March, 1975. Again they returned to Florida and lived there until January, 1976 when they again returned to New York until March, 1976, only to go back to Florida. In November, 1976 the parties separated. The wife returned to New York and in December, 1976 the within *30 action was commenced. The husband was served personally with a summons in Florida.
Section 230 of the Domestic Relations Law sets forth the basis for the court to exercise subject matter jurisdiction over the issue in the following form:
"§ 230. Required residence of parties.
"An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be obtained only when:
"1. The parties were married in the state and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or
"2. The parties have resided in this state as husband and wife, and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or
"3. The cause occurred in the state and either party has been a resident thereof for a continuous period of at least one year immediately preceding the commencement of the action, or
"4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action, or
"5. Either party has been a resident of the state for a continuous period of at least two years immediately preceding the commencement of the action.” (Emphasis supplied.)
The statute quoted above makes frequent use of the "resident”. However, at least one of our Appellate Divisions has seen fit to construe the word resident to mean domiciliary (Usher v Usher, 41 AD2d 368; see, also, Lacks v Lacks, 50 AD2d 785, and the discussion in 1 Foster and Freed, Law and the Family [rev ed], §§ 5:13, 5:14.)
The residence-domicile dispute is nothing new to the law. Unfortunately, the substitution of the concept of "domicile” with all the subjective considerations implicit therein for the more easily construed "residence” adds a great deal more heat than light. In the case at bar, plaintiff, the wife, to establish her New York domicile, if domicile is the test imposed by section 230 of the Domestic Relations Law, must prove her husband’s subjective intent since a wife has no domicile independent from that of her husband (Matter of Daggett, 255 *31 NY 243), unless the conduct of the husband justifies her refusal to cohabit with him (Cocron v Cocron, 84 Misc 2d 335).
The Second Department has not passed directly on this issue. Although it could be argued that the court in Pierce v Pierce (50 AD2d 867) which cites the holding of Usher (supra) has adopted that position. In Pierce, however, the court was dealing with a plaintiff who, while giving up his New York residence,, had established no other residence, but rather was "living as a transient while working as a trucker” (p 868).
The Legislature should be presumed to know the difference between the two terms. The word domicile is used in CPLR 302 (subd [b]) and the word resident is used in the same paragraph. A similar pattern is followed in CPLR 313 where the Legislature has used both words in the same section, thus obviously recognizing the not so subtle distinction between the terms.
This court will not read the word residence as found in section 230 of the Domestic Relations Law to mean domicile and in that light need not look to the intent of the parties but rather stop at the uncontroverted facts. The parties were residing together in Florida until November, 1976. Plaintiff had not been a resident of the State of New York for a continuous period of one year immediately preceding the commencement of this action and thus the requirements of section 230 of the Domestic Relations Law are not met and this court lacks subject matter jurisdiction of this action.
Defendant’s motion is granted.