OPINION OF THE COURT
James Gibson, J.
Motion by defendant husband in a divorce action "for an Order dismissing the above entitled action on the grounds that the Court does not have jurisdiction of the subject matter of the cause of action nor jurisdiction of the person of the defendant pursuant to Rule 3211(a)2 and 8 of the C.P.L.R.”
The action was commenced by service of a summons on the defendant, personally, within the State of North Dakota on July 7, 1978, defendant then being in the military service and stationed at Minot Air Force Base in that State. The complaint was not served with the summons, so far as appears, but the notice of object of action appended to the summons states the ground of the action as "cruel and inhuman treatment” and describes the relief sought as an absolute divorce and "alimony, child support, responsibility for medical and dental expenses of family and counsel fees.” The papers submitted on the motion contain no statement as to any issue of the marriage, either born or to be born, other than the reference to "child support” appearing in the notice of object of action and relief sought, as hereinbefore quoted. The parties separated and plaintiff returned to New York approximately five months after their marriage, which had taken place on August 20, 1977, within the State of New York.
The defendant’s affidavit alleges, in purely conclusory form, as the grounds of his motion that in August, 1977, the parties "established their residence and domicile in Minot, North Dakota”; that at the time of the service of the summons, defendant "was a resident and domiciliary of the State of North Dakota”; and that, at that time, neither party "had been a resident of, nor domiciled in, the State of New York continuously for a period of one year prior to said service” (see Domestic Relations Law, § 230, subd 1).
The plaintiff wife’s responsive affidavit states that at the *472 time of their marriage both parties were residents of New York; that she had no "intention to alter her New York State domicile by physically removing herself from the State of New York and residing in North Dakota with the defendant while in military service”; that she "is a registered New York State voter and would have requested an absentee ballot for voting within the State of New York, had the need arose while [she] was in North Dakota”; and that she "retained, and intended to retain, the residence address of [her] parents * * * as her permanent domicile and * * * never intended to become a domiciliary of any other state, other than that of New York.”
The statute provides that an action for divorce "may be maintained only when: 1. The parties were married in the state and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding” (Domestic Relations Law, § 230).
The motion, in the form presented, poses procedural problems which must first be decided. First, the supposed absence of one or more of the section 230 conditions is treated by the defendant as fatal to "jurisdiction”. But the defect is not "jurisdictional” in the sense that the court is without "competence” to entertain the action; the omission is, rather, of one of the substantive elements of an adjudicable cause of action within the competence of the court to decide, just as it is empowered to decide all substantive issues (Lacks v Lacks, 41 NY2d 71, 75-76, 77, mot for rearg den 41 NY2d 862). The decision here, however, does not turn on the distinction; thus differing from Lacks, where it was vital to the determination of a postjudgment motion. Accordingly, and in the interests of expedition and economy of effort, the instant motion is accepted in the form in which it is submitted.
A second question of preliminary procedure must be dealt with. Although CPLR 3211 motions are addressed to "causes of action” (subd [a]), ordinarily identifiable with certainty only by pleadings, one eminent commentator considers that when, as here, the issue arises upon the claim of New York domicile (CPLR 313), "affidavits should be adequate to determine * * * domiciliary status and the paragraph 8 motion should lie before service of the complaint”; and, thus, in the commentator’s view, the case is without the ambit of the holding in Fraley v Desilu Prods. (23 AD2d 79) that a motion on jurisdictional grounds should await service of the com *473 plaint (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211, C3211:31). In the case at bar— unlike many others — the relatively simple issue is made clear by the summons and appended notice and no useful purpose would be served by denial of the motion as premature or deferral of decision pending service of a complaint.
Returning now to the merits, defendant’s legal arguments will first be considered. He contends that, as matters of law, the husband has the right to select the matrimonial domicile, and that the wife cannot change it or establish a separate domicile (see, e.g., Cocron v Cocron, 84 Misc 2d 335, 344-345, and authorities there cited; quaere, Langlais v Langlais, 90 Misc 2d 29; and cf. Williamson v Osenton, 232 US 619). In this case, the husband categorically asserts that the matrimonial domicile became, by his election, the State of North Dakota after the parties married in New York and, following a wedding trip, went to Minot, North Dakota, pursuant to his military assignment.
As respects the effect of military service upon residence or domicile it has been said: "Because the change of domicile must be intentionally and freely made, entrance into the armed forces or transfers of residence while in military service usually are held not to constitute changes of domicile. The domicile of someone in military service does not change to the place where he is stationed, nor does it shift every time the person is transferred to another base.” (11 Zett-Edmonds-Schwartz, NY Civ Prac, § 3.08.)
With regard to the husband’s assertion of his overriding control of the choice of a "matrimonial domicile”, it is probably true — as Langlais (supra) and other contemporary authorities hold — that the stress laid on "domicile” in some of the apposite cases is unwarranted and that the true test is that of "residence”;* but in this case the distinction is relatively unimportant in light of the conclusions reached upon the merits and hereinafter stated.
Although the rule respecting military service and that regarding domicile vis-á-vis residence are important, the decisive factor in this case is the Legislature’s elimination of the preferential rights of the husband in the selection of a joint *474 domicile. Pursuant to the recommendation of the Law Revision Commission (NY Legis Doc, 1976, No. 65[A-6]), significant amendments to sections 61 and 231 of the Domestic Relations Law were enacted (L 1976, ch 62).
Section 61 had previously provided: "Married Woman’s Domicile. The domicile of a married woman shall be established by the same facts and rules of law as that of any other person for the purpose of voting and office holding.” The 1976 amendment of section 61 was sweeping, providing: "The domicile of a married man or woman shall be established for all purposes without regard to sex.”
Section 231, apparently enacted to vitiate — to the extent indicated — the restrictions imposed by the common law on the rights of married women, was amended by the same chapter 62 so as to accord equal treatment to the husband by providing: "Residence of married persons. If a married person dwells within the state when he or she commences an action against his or her spouse for divorce, annulment or separation, such person is deemed a resident thereof, although his or her spouse resides elsewhere.”
Plaintiff wife’s responsive affidavit contains allegations which, if true, bring her within the statutory requirements quoted. There is, of course, some inherent difficulty in establishing residence when outward manifestations of intent are few or, in some cases, not inconsistent with either residence or nonresidence. Nevertheless, intent is a fact and thus susceptible of proof by a party’s declaration, when credited by the court, as it is here; and particularly so when it is accompanied, as in this case, by some showing of corroborative fact and is not controverted by objective evidence in factual form rather than, as in defendant’s affidavit, by merely conclusory averments.
The fact of plaintiff’s Schenectady domicile at the time of her marriage has not been disputed. Contrary to pre-1976 authority, her marriage effected no change; nor is there any competent evidence of change. The fact of her husband’s military service was without legal effect, under pertinent authority. There was no legal barrier to the continuance of her Schenectady residence after her marriage and there might well be applied the ancient presumption of the continuance of existing conditions, including residence (Wilkins v Earle, 44 NY 172, 192; Richardson, Evidence [10th ed], § 74). Indeed, it has been held in a matrimonial case, that " 'the burden of *475 proving a change is upon the party who asserts it’ ” (Cocron v Cocron, 84 Misc 2d 335, 345, supra). It is not disputed that after five months of marriage plaintiff returned to Schenectady and remained there until, and after she commenced this action. At that time, as this court finds, she had resided in New York continuously for more than one year (Domestic Relations Law, § 230). Another — and perhaps redundant — presumption arises from the fact that because she was dwelling in New York when she commenced the action, she "is deemed a resident thereof, although * * * her spouse resides elsewhere” (Domestic Relations Law, § 231).
It follows, of course, that subject matter jurisdiction (CPLR 3211, subd [a], par 2) has been established and that defendant’s motion, insofar as it is addressed to that issue, must be denied.
The issue of personal jurisdiction (CPLR 3211, subd [a], par 8) is less readily resolved, depending, as it does, on defendant husband’s domicile. The plaintiff’s New York residence and domicile having been established, her demand for alimony may, on proper proof, be granted, "provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support or alimony accrued under the laws of this state or under an agreement executed in this state” (CPLR 302, subd [b]; 314). In this case, defendant has not sustained the burden of the motion to establish a North Dakota domicile. Plaintiff’s conclusory assertion that defendant was domiciled in New York at the time of the marriage can be given little or no weight; but, nevertheless, defendant does not contradict it or, more importantly, claim, as of that time, a domicile other than New York. Assuming, without determining, that his domicile at that time was New York, the principle that domicile will not be affected by reason of military service and the presumption of the continuance of his previously established New York domicile would apply to him — absent, in either case, affirmative proof to the contrary — as they have been applied to plaintiff.
But the determination of the motion should not rest solely on these considerations. Defendant’s direct averment — conclusory as it is — of a North Dakota domicile must be given at least minimal weight, but the difficulty is that his allegations and legal argument rest on the concept of a "matrimonial domicile” determinable solely by the husband — a concept no *476 longer recognized, in this context, at least — and that his affidavit — differing from that of the wife-r-contains no factual or evidentiary statements and suggests no helpful presumptions. In the interests of justice, however, the issue of personal jurisdiction should be reserved for determination by trial, it being clear from Lacks (41 NY2d 71, supra) that the relevant factors are not "jurisdictional” in the strict sense; and that a determination pretrial is, therefore, not necessary — particularly when, as here, the court has concluded that subject matter jurisdiction has been established and, thus, that a plenary trial of the divorce cause of action is necessary in any event. As in other CPLR 3211 cases, therefore, the inadequacy of the motion papers to sustain an otherwise viable contention does not necessarily require an adverse determination of the issue on the merits but may permit the issue to be preserved for trial (cf. CPLR 3211, subd [d]). The alternative — to refer the specific issue to the November nonjury term for determination pretrial (CPLR 3211, subd [c]; Rules of the Appellate Division, Third Department, rule 862.5 [22 NYCRR 862.5])— seems unnecessary under the circumstances, including defendant’s present assignment to a distant military post; unless defendant shall elect that the personal jurisdiction issue be determined pretrial at the time indicated and his attorneys shall, no later than October 13, 1978, advise plaintiff’s attorneys and the court of such election, in which case the order to be entered hereon shall so provide.
Motion, insofar as predicated upon objection to subject matter jurisdiction (CPLR 3211, subd [a], par 2) denied, on the merits; and insofar as predicated upon objection to personal jurisdiction (CPLR 3211, subd [a], par 8) denied, without prejudice, and with leave to defendant to assert the objection in his answer by way of defense, unless the court shall be apprised of defendant’s election that the issue be determined pretrial as hereinbefore indicated.

 The Law Revision Commission finds it "clear that residency for purposes of bringing a matrimonial action does not mean the party must prove he or she is a domiciliary.” (Memorandum and Recommendation of Law Rev Comm, NY Legis Doc, 1976, No. 65[A-6].)