OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff to confirm and cross motion by defendant to disaffirm the report of Special Referee B. William Rothberg dated December 26, 1979.
By decision/order dated August 20, 1979 this court directed a reference on the issue of subject matter jurisdiction (requisite compliance with section 230 of the Domestic Relations Law) in connection with the defendant’s motion to dismiss. On plaintiff’s motion to reargue the court expanded the reference to include the issue of personal jurisdiction.
Hearings were held before the Referee on November 1 and 2, 1979. The parties waived the filing of a transcript.
In the first instance defendant opposes confirmation of the report on the ground that this action is moot by reason of the granting of a divorce to him in the State of New Jersey on December 21, 1979. Plaintiff refutes the full faith and credit validity of that divorce, an issue which heretofore was not before this court and will not be decided on these motions. Suffice it to say the present applications are not moot.
The Referee found that prior to the marriage of the parties on June 4, 1975 plaintiff lived in New York and defendant lived in New Jersey. They were married in New Jersey. After the marriage they stayed in New Jersey for two weeks, apparently at an apartment defendant had maintained prior to the marriage in Red Bank.
When their new apartment was ready the parties moved to 200 East 64th Street, New York City around June 15, 1975. Defendant continued to maintain the Red Bank apartment until August, 1976 and thereafter maintained an apartment in Belleville, New Jersey. Although the Referee found defendant on rare occasions stayed in New Jersey, he concluded *864 that plaintiff and defendant substantially lived as husband and wife in New York from June 15, 1975 until their second and final separation in October, 1977 and therefore this city was the "marital domicile” prior thereto.
In the absence of a transcript great weight must be given to the factual findings of the Referee. The court rejects the defendant’s argument that such findings are against the weight of the credible evidence. Despite the court’s acceptance of the Referee’s ultimate recommendation, that it hold this action can be maintained pursuant to subdivisions 2 and 5 of section 230 of the Domestic Relations Law, the court must reject the reasoning of the Referee in arriving at such conclusion.
Section 230 of the Domestic Relations Law in pertinent part reads as follows:
"An action * * * for divorce * * * may be maintained only when: * * *
"2. The parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceeding, or * * *
"5. Either party has been a resident of the state for a continuous period of at least two years immediately preceeding the commencement of the action.”
The greater weight of authority holds that the term "residence” as used in the statute is synonymous with the term "domicile”. (Lacks v Lacks, 50 AD2d 785, affd 41 NY2d 71; Pierce v Pierce, 50 AD2d 867; Usher v Usher, 41 AD2d 368; Cocron v Cocron, 84 Misc 2d 335; contra, Small v Small, 96 Misc 2d 469, 473; Langlais v Langlais, 90 Misc 2d 29.)
There is no support in the record for the argument advanced by defendant that the parties marital domicile was New Jersey. Except for the two weeks prior to moving to New York in June, 1975, there was no other evidence of their living together in that State. Implicit in the conclusions of the Referee is that defendant changed his domicile from New Jersey to New York. Citing the prior finding by this court in connection with the denial of plaintiff’s motion to enjoin defendant from prosecuting a New Jersey divorce action (August 20, 1979 decision/order) that defendant was and had been a New Jersey domiciliary for many years, defendant correctly observes that there is no evidence to support such conclusion. *865 Defendant’s continuous status as a New Jersey domiciliary, however, does not preclude the finding that the parties resided in New York as husband and wife.
It had previously been held that a husband had the absolute right to select the marital domicile which, by operation of law became prima facie the domicile of the wifé. As long as the marriage remained intact, the wife had no right to change this domicile or adopt one of her own. Only upon the commission of marital misconduct by the husband could the wife do so. (Matter of Dagget, 255 NY 243; Hunt v Hunt, 72 NY 217.) The more modern view, in accord with the changing attitudes of society towards women, holds that a wife now has the same capacity to acquire a domicile of choice as does her husband (Domestic Relations Law, § 61; Small v Small, supra, p 474; Psaty v Psaty, 93 Misc 2d 454). There was no evidence of any intention by plaintiff to become domiciled in a place other than New York — indeed, the record indicates to the contrary. Accordingly, the court finds that the elements under subdivision 5 of section 230 of the Domestic Relations Law have been established.
Whether the record supports the finding that the elements of subdivision 2 of section 230 of the Domestic Relations Law have been established is a more difficult question. In the classic sense when people marry they acquire a matrimonial domicile — that is, the place where they live together as husband and wife with the intention of making it their fixed and permanent home. Considering plaintiff’s status as a New York domiciliary and defendant’s as a New Jersey domiciliary the acquisition of a "matrimonial domicile” was impossible. They did, however, live here as husband and wife. It is not necessary, as inferentially argued by defendant, that each party would have had to have an intent to make New York their "matrimonial domicile” in the traditional sense to support a finding that "The parties have resided in this state as husband and wife”. (Domestic Relations Law, § 230, subd 2.) The use of the word "resided” in that context is not in the opinion of this court synonymous with domicile as is the word "resident” when applied to the parties as otherwise used in the statute. Accordingly, the Referee’s conclusion that the elements of subdivision 2 of section 230 have been established is correct.
As to the issue of personal jurisdiction, once again the court rejects defendant’s argument that the subsequent di *866 vorce secured by him moots the action thereby negating the existence of support as an issue in this action. Reference must be made to CPLR 302 (subd [b]) which sets forth the circumstances under which this court may exercise personal jurisdiction over a nonresident defendant, as the defendant at bar is, in matrimonial actions. Having established that plaintiff, the party seeking support, is a domiciliary of this State and that the defendant’s obligation to support her accrued under the laws of New York, the court finds that service upon him in New Jersey was sufficient to confer personal jurisdiction on this court.
For the foregoing reasons, the motion to confirm is granted to the extent herein indicated and the cross motion to dis-affirm is denied. Defendant’s underlying motion to dismiss is therefore denied.
Defendant is directed to serve his answer within 10 days following service of a copy of this order with notice of entry.
Plaintiffs request for an award of counsel fees is denied without prejudice to including in her request for counsel fees at trial any services rendered in connection with these proceedings.