## Susan E. Rubin, Respondent, v Ludwig Rubin, Appellant.

First Department, March 6, 1980

### APPEARANCES OF COUNSEL

*Stephen P. H. Rachlis* of counsel *(Wachtell, Manheim & Grouf,* attorneys), for appellant.

*William C. Herman* of counsel *(Rosenthal & Herman, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

Sullivan, J.

Commenced less than five months after the marriage ceremony, this action is brought to annul a marriage which, according to plaintiff, lasted one day. Alimony or counsel fees are not sought.

Plaintiff, a United States citizen, was born in New York City. At the age of five she was taken to Antwerp, Belgium, where she spent her childhood. She lived for a time in London, attending college. In 1976, at the age of 18, she returned to New York to further her education. At that time, plaintiff contends, she brought all her personal belongings with her, setting up a residence here and intending to make New York her domicile.

In March of 1978 defendant, an Austrian doctor whom plaintiff had met in Vienna when she was 16, came to New York and proposed marriage. Plaintiff, then a 20-year-old student attending postgraduate school, accepted the proposal on defendant's alleged express promise, which he denies, that he would come to New York within 60 days after the marriage and establish a permanent residence. The couple were married in Vienna on August 29, 1978. According to plaintiff, defendant admitted the falsity of his representation the day after the marriage. They have not cohabited since.

Before joinder of issue, defendant moved to dismiss on the ground of lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2), alleging that plaintiff had not been a New York resident for a continuous two-year period before commencing her action, and thereby failed to satisfy the residency requirement of subdivision 5 of section 230 of the Domestic Relations Law.[1] Defendant argued, as he does on appeal, that plaintiff's residence is a threshold issue which must be resolved in advance of trial.

■ Special Term denied the motion and directed that the issue of plaintiff's residence be determined at trial. Issue was then joined. On the same day that the answer was served,

---

1. An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be maintained only when either party has been a resident of the State for a continuous period of at least two years immediately preceding the commencement of the action.

plaintiff served a note of issue and statement of readiness. Defendant thereafter unsuccessfully moved, *inter alia,* to vacate the note of issue and strike the case from the calendar on the ground that he was entitled to pretrial disclosure on the issue of plaintiff's residence. The denial of both motions is before us on appeal. We find that the motions were properly decided and affirm both orders.

Defendant poses the following questions for resolution at a pretrial hearing on the issue of plaintiff's residency and as a proper subject of disclosure: whether plaintiff during her student days in New York retained her Belgian residence, or, as she claims, acquired a New York residency, and whether, even if plaintiff became a New York resident, she subsequently adopted the marital domicile of her Austrian husband, as required by Austrian law.[2]

Relying on *Usher v Usher* (41 AD2d 368), which held the residency requirement of section 230 of the Domestic Relations Law to be jurisdictional, the dissent would direct a jurisdictional hearing on the issue of plaintiff's residence and offers the possibility of scheduling the trial, if one be required, so that it proceeds soon after the conclusion of the hearing. At this juncture we discern no reason to hold such a hearing because any defect in plaintiff's claimed New York residency would not be a jurisdictional bar to trial in New York. In *Usher* the Third Department interpreted section 230 as barring a matrimonial action for lack of subject matter jurisdiction if at least one of the parties does not meet its residency requirements. Subsequent to *Usher* the Court of Appeals, in *Lacks v Lacks* (41 NY2d 71, 73), stated: "The requirements of section 230, however, go only to the substance of the divorce cause of action, not to the competence of the court to adjudicate the cause." Hence, the court held (p 73): "a divorce judgment granted in the absence of one of the specified connections with the State, even if erroneously determined as a matter of law or fact, is not subject to vacatur under CPLR 5015 (subd [a], par 4)." (The CPLR section cited applies to vacatur for lack of jurisdiction.) Thus, the *Usher* rationale that lack of residency leaves a void in subject matter jurisdiction is no longer valid, and any defect in plaintiff's claimed New York residency does not bar the maintenance of this

---

2. Defendant cites paragraph 92 of the Austrian Civil Code (ABGB) which, he contends provides in pertinent part (translated): "The 'wife' is obligated to follow the husband's domicile".

action. Instead, residency is a substantive element of the cause of action to be proved by plaintiff at trial. *(Taubenfeld v Taubenfeld,* 276 App Div 873.)

Furthermore, we do not find any compelling reason to hold a pretrial residency hearing. Although a situation may arise where "the interests of expedition and economy of effort" might warrant deciding the substantive question of residency before trial (see *Small v Small,* 96 Misc 2d 469, 472), we do not believe the circumstances appropriate for such a procedure here. Rather, the interests of economy of effort and sound judicial management dictate the simultaneous resolution of all substantive issues at trial, and militate against bifurcated proceedings and the necessity of twice calling witnesses who may come from as far away as Europe.

Plaintiff's New York residence, is not, as defendant would argue, contrived. An American citizen, she was born in New York City, and has lived here since 1976, some two years before her marriage. In New York, at least, the rule that a wife's domicile reverts to that of her husband upon marriage has been overruled by statute. (See Domestic Relations Law, §§ 61, 231.) Moreover, plaintiff has accused defendant of threatening to drag out these court proceedings interminably to prevent her from ever attaining her freedom. Because of the nature of the proceeding, and in order to safeguard against delay, the wise course is to resolve all issues at one trial, rather than to adopt a piecemeal approach which might unduly inconvenience witnesses and be used for harassment purposes, particularly where no special circumstances are shown to justify a pretrial hearing. (Cf. *Usher v Usher,* 41 AD2d 368, *supra; Cocron v Cocron,* 84 Misc 2d 335.)

██ Defendant's contention that he should have the opportunity of pretrial disclosure is without merit. Generally, disclosure in matrimonial actions is not permitted. *(Nomako v Ashton,* 20 AD2d 331; *Hunter v Hunter,* 10 AD2d 291, 294; but see *Anonymous v Anonymous,* 71 AD2d 209.) Since 1975 the Legislature has authorized disclosure of the financial status of both parties (Domestic Relations Law, § 250), but has not seen fit to permit broader disclosure. Inasmuch as plaintiff seeks neither alimony nor counsel fees, no financial issues have been raised. Thus, defendant has no right to the particular disclosure of which he seeks to avail himself here.

The rule barring pretrial discovery of nonfinancial issues in a matrimonial action is a sound one. As the court noted in

*Nomako (supra,* at p 233), "in matrimonial actions experience has shown that 'the pretrial examination too often becomes an exacerbating circumstance' *(Hunter v. Hunter,* 10 A D 2d 291, 294)." It is not uncharacteristic of the matrimonial action that emotions between the parties run strong. Examinations before trial, aside from their possibly inflammatory effect, can be used as a tool for harassment, a very real danger here. Indeed, the request for discovery, which defendant claims as a right, appears to be an afterthought. He never raised the issue in his motion to dismiss, and failed to serve a notice to take deposition with his answer. In fact, he has never served such a notice. Only after issue was joined and plaintiff had placed the action on the trial calendar did defendant raise the issue of discovery. Under such circumstances, where there is neither a right to disclosure nor special circumstances present which would, in the court's discretion, justify disclosure, it would be unwise to delay the trial in order that defendant develop the information now sought.

Accordingly, the orders, Supreme Court, New York County (BLYN, J.), denying defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and referring the issue of plaintiff's residence to the trial court, and denying defendant's motion to vacate the note of issue and strike the case from the calendar, entered June 22, 1979, and September 11, 1979, respectively, should be affirmed, without costs or disbursements.

YESAWICH, J. (dissenting). The jurisdictional issue the defendant husband raises is a substantial one which should be disposed of at the threshold of the litigation. If plaintiff is found to be a nonresident, a plenary trial will be obviated, and, if she is found to be a resident, there will be a substantial saving of time on the plenary trial for the question of whether the court has jurisdiction of this annulment action will have been resolved. As the expense of overseas travel is decried by both parties (defendant and certain of the plaintiff's witnesses reside in Europe), the plenary trial, if one is required, should be scheduled to proceed soon after the jurisdictional hearing has been concluded. *(Usher v Usher,* 41 AD2d 368.) I would modify Special Term's order accordingly.

BIRNS, J. P., SANDLER and MARKEWICH, JJ., concur with SULLIVAN, J.; YESAWICH, J., dissents in opinion.

Two orders, Supreme Court, New York County, entered on

June 22, 1979 and September 11, 1979, respectively, affirmed, without costs and without disbursements.