OPINION OF THE COURT
B. Thomas Pantano, J.
Plaintiff wife has brought an action for divorce against defendant husband. On or about December 21, 1980 a summons in this action, indorsed “Action for Divorce”, was served upon defendant.
Defendant moves to dismiss the action based upon plaintiff’s failure to meet the residency requirements of section 230 of the Domestic Relations Law and pursuant to CPLR 3211 (subd [a], par 2). He further moves on the ground that the summons does not specify the grounds for the divorce. That part of his motion must be denied since the summons complies in all respects with section 232 of the Domestic Relations Law which delineates the form a summons must take in a matrimonial action.
This motion is submitted on the affidavit of defendant’s attorney and while normally this might warrant denial, since the affidavit is hearsay (Di Sabato v Soffes, 9 AD2d 297, 301), it is specific with dates and places of residency of the parties, none of which are disputed by the plaintiff leading the court to conclude, for the purpose of this motion, that those facts are admitted. In opposition plaintiff simply states she has fulfilled the residency requirements.
*147 CPLR 3211 (subd [a], par 2) provides for a motion to dismiss a cause of action on the ground that the court does not have jurisdiction of the subject matter of the action. In dealing with this type of motion it is necessary to understand what is meant by “jurisdiction of the subject matter of the action”. A distinction must be drawn between a court’s competence to entertain an action and its power to render a judgment on the merits. Absence of the former deprives the court of subject matter jurisdiction; absence of the latter to reach the merits does not. (Lacks v Lacks, 41 NY2d 71, 75.)
The requirements of section 230 of the Domestic Relations Law go only to the substance of the cause of action and not to the competence of the court to entertain the cause of action in the first instance (Lacks v Lacks, supra, p 73). It would appear, therefore, that strictly construed, a motion under CPLR 3211 (subd [a], par 2) would not lie; however, as the court went on to say in the Lacks case (supra, p 74): “A statement that a court lacks ‘jurisdiction’ to decide a case may, in reality, mean that elements of a cause of action are absent”.
It is apparent that we are dealing here with elements of plaintiff’s cause of action (Domestic Relations Law, § 230).
While the Appellate Division of the Supreme Court for the First Department in Rubin v Rubin (73 AD2d 148), in a similar situation, held that a pretrial residency hearing was not necessary it appears that opinion was limited to the facts in that case. The court did, however, recognize that situations may arise where the interests of expediency and economy of effort might warrant a pretrial hearing on the substantive issue of residency.
The Rubin case was an action that predated part B of section 236 of the Domestic Relations Law. Under its provisions respecting equitable distribution and distributive awards, extensive and comprehensive discovery proceedings are now more necessary than before the advent of the change in the law. With the complexity of matrimonial litigation brought on by this change it is the opiniop of this court that expediency and economy of effort will best be served by a pretrial hearing on the substantive issue of *148 plaintiff’s residency and a hearing is, therefore, directed. Except as herein set forth defendant’s motion is denied.