■ LONNA M. FENAUGHTY, Respondent, v FRANCIS J. FENAUGHTY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered July 26, 1983 in Schenectady County, which, *inter alia,* granted plaintiff's cross motion to temporarily enjoin defendant from taking any action with respect to a pending Arkansas divorce action.

The parties were married in New York in 1980 and moved to Arkansas in July, 1982; there is no issue of the marriage. While in Osceola, Arkansas, they entered into a contract to rent a home with an option to buy, maintained a bank account, secured local credit cards and generally manifested to the community an

intention of permanently residing there. Indeed defendant, a physician, continues to reside and practice medicine in Osceola. In December, 1982, plaintiff left defendant and returned to Schenectady County. On April 27, 1983, defendant, having satisfied the residence requirement for instituting a divorce, filed with the Chancery Court of the Osceola District his summons and complaint charging plaintiff with cruel and inhuman treatment which allegedly occurred while the parties resided in Arkansas. The summons and complaint in the Arkansas suit were served on plaintiff in New York on May 18, 1983; efforts to effect service upon her on May 12, 16 and 17 proved unsuccessful. In the meantime, on May 13, 1983, a summons and complaint in plaintiff's New York action for divorce (predicated on claimed adulterous conduct in New York, commencing Sept., 1981) was served on defendant in Arkansas.

Special Term denied defendant's motion to dismiss the New York action on the ground plaintiff was not a resident of this State for more than one year (see Domestic Relations Law, § 230) and, instead, granted plaintiff's cross motion transferring the residency issue to Trial Term, compelling pretrial discovery of defendant and enjoining any further proceedings in the Arkansas divorce action pending determination of the hearing at Trial Term. Defendant, limited by his brief, appeals solely from that portion of the order which enjoined further proceedings in the Arkansas suit.

In exercising its injunctive power to prohibit defendant from resorting to the Arkansas courts, Special Term employed a power which we are admonished is to be resorted to only rarely and sparingly, because using it constitutes a challenge to the dignity and authority of the foreign tribunal. Only if there is a danger of fraud or a gross wrong being perpetrated on the foreign court, a showing not made here, should an injunction be granted (*Arpels v Arpels,* 8 NY2d 339, 341). Injunctive relief does not automatically proceed from plaintiff's bald assertion that "[i]t is necessary" or because a pretrial residency hearing is to be conducted. Since there are, as already observed, significant indicators supporting the authenticity of an Arkansas domicile for defendant, Special Term was therefore obliged to weigh these against the need for the drastic relief being sought (see *Rosenstiel v Rosenstiel,* 15 AD2d 880); its failure to do so requires that the matter be remitted for that purpose.

Order modified, on the law and the facts, without costs, by deleting so much thereof as enjoined defendant from further proceedings or taking any action with respect to the Arkansas divorce action; matter remitted to Special Term for proceedings

not inconsistent herewith; and, as so modified, affirmed. Casey, Yesawich, Jr., and Levine, JJ., concur.

Kane, J. P., and Weiss, J., dissent and vote to affirm in the following memorandum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent. While not unmindful of the reluctance of our courts to enjoin the prosecution of a divorce action in a sister State (*Arpels v Arpels,* 8 NY2d 339, 341), in our view, the circumstances of this case warrant the granting of plaintiff's cross motion for temporary relief (see *Gersten v Gersten,* 61 AD2d 745; *Browne v Browne,* 53 AD2d 134, app dsmd 40 NY2d 917). This clearly is not an instance where plaintiff has sought recourse to our courts merely to "strengthen her money demands at the bargaining table" (*Rosenstiel v Rosenstiel,* 15 AD2d 880, 881). Plaintiff was born and educated in New York. The parties were married in New York and, except for the five months spent together in Arkansas and certain periods of informal separation, lived here as husband and wife. Plaintiff has further indicated that the move to Arkansas was never intended to be permanent, but only for the two years necessary to fulfill defendant's contractual obligations with the Federal Department of Public Health Services (see *Garvin v Garvin,* 302 NY 96, 103). Moreover, to enjoin the defendant from proceeding with his Arkansas action during the pretrial residency hearing would work no great hardship upon him (see *Browne v Browne, supra,* p 139; *Howes v Howes,* 108 Misc 2d 146, 147-148). In our view, Special Term properly exercised its discretion in granting the requested injunctive relief.