■ JOSEPHINE WILSON, Respondent, v R. THORNTON WILSON, JR., Appellant.—Appeal from order, Supreme Court, New York County (Walter M. Schackman, J.), dated September 25, 1990, which, *inter alia,* denied defendant's cross-motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action in that the plaintiff could not satisfy the residency requirements set forth in Domestic Relations Law § 230 is held in abeyance, and the matter is remanded to the motion court for a pre-trial hearing solely to determine whether plaintiff satisfies said residency requirements.

Plaintiff's motion for an order: (1) striking appellant's brief and dismissing the appeal on the grounds that it contains facts not appearing in the record; (2) awarding costs pursuant to CPLR 5528 (e); and (3) staying the appeal until determination of this motion, or, in the alternative, for an adjournment of the appeal to the June 1991 Term, is denied except to the extent that by order of this court entered March 12, 1991, the appeal was adjourned to and in fact heard during the June 1991 Term.

Plaintiff-wife and defendant-husband were married in New York State in 1970. Plaintiff commenced this action for divorce seeking, *inter alia,* alimony, distribution of marital property and counsel fees. Defendant sought dismissal, alleging that the wife could not satisfy the residency requirements set forth in Domestic Relations Law § 230 because, *inter alia,* the couple's primary residence for the past three years has been in Dallas, Texas, both are registered to vote in Texas and they limited the time spent in New York to avoid residency therein for tax reasons. Plaintiff's affidavit in opposition to the

motion sharply disputed defendant's contentions, thereby creating a triable issue of fact as to her domicile or residency in New York State.

The motion court concluded that whether plaintiff's domicile or residency satisfies Domestic Relations Law § 230 requirements is a substantive element of the cause of action to be proven by plaintiff at the plenary trial. *(Rubin v Rubin,* 73 AD2d 148 [1980].)

We direct that this issue be resolved at a pre-trial hearing instead of during the plenary trial. The case at bar is distinguishable from *Rubin (supra).* Plaintiff in *Rubin* sought annulment of her alleged one-day marriage without attendant claims for alimony and counsel fees. As such, there was no basis for pre-trial discovery which, in these cases, can become protracted although it is limited to financial disclosure. *(See, Rubin v Rubin,* 73 AD2d, *supra,* at 151-152.) Since the witnesses in *Rubin* pertinent to the issues of Domestic Relations Law § 230 and grounds for the annulment were as far away as Europe, we concluded that the "interests of economy of effort and sound judicial management" would not be served by bifurcated proceedings. *(Supra,* at 151.)

In the case at bar, dissolution of a twenty-year marriage between persons of apparently considerable means is at issue. The record clearly indicates that there are substantial assets which may be subject to distribution and that the parties intend to litigate this issue. Accordingly, in the interest of economy of effort and sound judicial management, we are directing that compliance with Domestic Relations Law § 230 be determined at a pre-trial hearing prior to proceeding with this divorce action. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith, and Rubin, JJ.