OPINION OF THE COURT
Arthur W. Lonschein, J.
In this New York matrimonial action, the defendant seeks to enjoin the plaintiff from prosecuting a separate matrimonial action that he has commenced in the State of Connecticut. This action was commenced by the plaintiff husband in 1991. Since then, the parties have entered into a pretrial stipulation as to support issues, and depositions have been held. The Connecticut action was commenced by the plaintiff *807 in July of 1994, more than three years after the commencement of this suit.
The courts of New York have, from time to time, been requested to enjoin the continued prosecution of foreign divorce actions (see, e.g., Arpels v Arpels, 8 NY2d 339; Young v Young, 26 AD2d 956; Venizelos v Venizelos, 30 AD2d 856; Fenaughty v Fenaughty, 105 AD2d 942). In each of these reported cases of which the court is aware, the moving spouse commenced the New York action, while the respondent spouse had established domicile elsewhere, and had commenced a separate proceeding. In such situations, where a New York injunction is a challenge to the dignity and authority of the foreign tribunal, the injunctive power is to be used "rarely and sparingly” (Fenaughty v Fenaughty, supra, 105 AD2d, at 943). It is appropriate only where there is a danger of fraud or gross wrongdoing being perpetrated on the foreign tribunal (Fenaughty v Fenaughty, supra; Arpels v Arpels, 8 NY2d 339, supra).
Here, however, it is the plaintiff who, having invoked this court’s jurisdiction, has then left the State and commenced a second action elsewhere. There has been no motion for leave to discontinue this action. The plaintiff evidently expects to engage the defendant in an unseemly race to judgment in the two courts. What is being challenged here, therefore, is not the dignity and authority of the Connecticut court, but of this court.
Under these circumstances, injunctive relief is appropriate, and it is granted.