■ RENE J. BOURJOLLY, Appellant, v AMANDA MOUSCARDY, Respondent. [925 NYS2d 821]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered on or about January 10, 2011, which, after a hearing, granted defendant's motion to dismiss the complaint on the ground that the residency requirement of Domestic Relations Law § 230 (5) had not been satisfied, unanimously affirmed, without costs.

Dismissal of this divorce action for failure to satisfy the two-year residency requirement of Domestic Relations Law § 230 (5) is warranted. Although the residency requirement of the statute is not jurisdictional in nature (*see Lacks v Lacks*, 41 NY2d 71, 73 [1976]; *see also Casey v Casey*, 39 AD3d 579, 579-580 [2007]), and is a substantive element of the cause of action to be proven at trial (*see Rubin v Rubin*, 73 AD2d 148, 150 [1980]), the issue may be resolved at a pretrial hearing "in the interest of economy of effort and sound judicial management" (*Wilson v Wilson*, 176 AD2d 115, 116 [1991]).

Although the parties' entered into a stipulation providing, inter alia, that defendant would file any motion to dismiss by a certain date and the instant motion was filed after said date, the failure to file a timely motion did not constitute a waiver of the residence issue or an admission of the allegations in the complaint. Indeed, the record shows that following the deadline for a motion to dismiss, plaintiff continued to seek documentation establishing defendant's address. Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.