■ MARTHA DAVIS, Respondent, v CLINTON DAVIS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated April 21, 1988, which, inter alia, denied his cross motion to dismiss the complaint for failure to comply with the residency requirements of Domestic Relations Law § 230.

Ordered that the order is affirmed, with costs.

We find that the hearing court properly determined that the residency requirements of Domestic Relations Law § 230 were met in this case by the defendant's continuous residency in this State for a period of one year prior to the commencement of the action.

It appears from the record that the plaintiff wife, although

a resident of New York at the time of the commencement of the action, had been domiciled in Greece for the year preceding commencement of the action and was not a continuous resident of New York for the purposes of Domestic Relations Law § 230. However, the statute will be satisfied if either party is a resident of New York for the requisite period, and we agree with the hearing court that the defendant, a TWA copilot assigned solely to international flights, was such a resident. As the defendant himself admits, his schedule is such that he is rarely in any one place for any length of time. Nevertheless, the record is clear that for the majority of his 22 years with the airline, he has been based at Kennedy Airport, that is, all of his flights begin and end there. In 1983, the parties acquired a condominium in Freeport, New York, apparently so that the defendant could be closer to the airport. In 1984, they sold that unit, and purchased another one in the same building. Although from August 1986 to July 1987, the year in question, the defendant was actually assigned to an airport in Paris, France, and not Kennedy Airport, his own testimony was that he returned to the Freeport apartment for at least a few days each month, to pick up his mail, pay his bills, monitor the family's finances and check on the parties' daughter, who was attending college in New Jersey. There is no other place to which he returned so frequently, and with such regularity, including the apartment in Greece where the plaintiff and the parties' son were staying. Additionally, the defendant used the Freeport address on his car registration and driver's license. In fact, the only occasion noted in the record where the defendant gave his address as being in Greece was on his income tax forms, and there was testimony that this was done solely to obtain a tax advantage.

It is well settled that a person may have many residences *(see, e.g., Antone v General Motors Corp.,* 64 NY2d 20, 28). In this case it is clear that defendant had a residence in New York, and his regular returns to the residence during the year preceding the commencement of the action rendered him a continuous resident of this State for the purposes of Domestic Relations Law § 230. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur. *[See,* 138 Misc 2d 970.]