■ DENISE CAPDEVILLA, Appellant, v MARTIN CAPDEVILLA, Respondent.—Order of the Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about February 5, 1988, which granted defendant's cross motion to dismiss the action, is unanimously reversed, on the law, insofar as appealed from, the cross motion denied and the complaint reinstated, with costs.

While noting defendant-respondent husband's failure to file an opposing brief, we affirm IAS's finding of fact that plaintiff-appellant wife remained a domiciliary of New York "at all times" notwithstanding that she did not dwell here for a continuous period of eight years immediately preceding her commencement of this action for divorce. Given this finding of fact, it was an error of law to dismiss the action on the ground that plaintiff did not meet the durational residency requirements of Domestic Relations Law § 230. We agree with the Second Department that residency is not, as IAS put it, the

"sole barometer" or test for determining compliance with Domestic Relations Law § 230, but an alternative to domicile *(Unanue v Unanue,* 141 AD2d 31, 38). Proof of either domicile or residency will suffice to show compliance with Domestic Relations Law § 230. Concur—Sullivan, J. P., Carro, Kassal, Wallach and Smith, JJ.