(January 29, 1991)

■ LOUISE EISENBERG, Respondent, v MORTON S. EISENBERG, Appellant.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered on August 7, 1989, which awarded plaintiff pendente lite maintenance in the sum of $350 per week, reimbursement of counsel fees in the sum of $10,000 and interim accountant's fees in the sum of $4,000, unanimously affirmed, without costs.

We do not find the award of pendente lite maintenance excessive. We first recognize that the purpose of temporary maintenance is to assure the reasonable needs of a dependent spouse during pendency of a divorce proceeding pursuant to which the previously enjoyed standard of living is a relevant consideration but the applicant's actual financial need is the predominant consideration. *(Ritter v Ritter,* 135 AD2d 421, 422.) In evaluating that need, the applicant's income and assets must be taken into account.

In the instant case, it is not disputed that plaintiff, 61 years of age, who had earned approximately $30,000 a year, would probably leave that employment due to her condition of chronic myelocytic leukemia. Even if the anticipated need did not materialize, we would be inclined to follow the previously stated principle "that any seeming inequity in a temporary award of alimony, based upon conflicting affidavits, is to be remedied by a speedy trial, where the true facts concerning the finances and standard of living of the parties can more accurately be ascertained." *(Rappeport v Rappeport,* 46 AD2d 756, 757; *Isham v Isham,* 123 AD2d 742, 743.) This is all the more true where defendant has failed to forthrightly disclose his financial capabilities. For this reason, we reject his claim that the court failed to give due regard to his ability to pay.

Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.