■ LONY WITTICH, Respondent, v ROLF W. WITTICH, Appellant. [620 NYS2d 351] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about May 27, 1994, which, *inter alia*, denied defendant's motion to dismiss the complaint against him, imposed the sum of $1,000 as a sanction for his conduct, awarded plaintiff the sum of $2,750 per week tempo-

rary maintenance, directed that he maintain appropriate medical and dental insurance policies for his wife and continue to pay all of her non-reimbursed medical and dental expenses, directed that he pay interim counsel fees of $50,000 to plaintiff's attorney within 20 days after service of a copy of the court's order, granted plaintiff exclusive occupancy of certain specified marital residences and denied his cross-motion for an order directing plaintiff to return approximately $150,000 in funds held in a joint account in the Bank of Bermuda, unanimously affirmed, with costs.

Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about March 15, 1994, which denied defendant's motion to change the venue of the action to Suffolk County, and an order of that same court and Justice, entered on or about March 16, 1994, which denied his motion to dismiss the action on the ground of forum non conveniens, both unanimously affirmed, with costs.

Residency is not "the 'sole barometer' or test for determining compliance with Domestic Relations Law § 230, but an alternative to domicile" *(Capdevilla v Capdevilla,* 149 AD2d 312, 312-313, citing with approval the Second Department in *Unanue v Unanue,* 141 AD2d 31). Therefore, while residency and domicile are not interchangeable, the determination of whether a party is a resident of New York State depends upon "whether he has a significant connection with some locality in the State as the result of living there for some length of time during the course of a year" *(Antone v General Motors Corp.,* 64 NY2d 20, 30). Defendant has resided in New York with a substantial degree of continuity and permanence notwithstanding the existence of residences elsewhere *(see, Davis v Davis,* 144 AD2d 621), and the Supreme Court was correct in denying the motion to dismiss the matrimonial action.

As for defendant's application for dismissal of the personal injury action against him on the ground of forum non conveniens, it is settled that a defendant who alleges that New York is an inappropriate forum bears a heavy burden in demonstrating that another forum would be preferable *(Islamic Republic v Pahlavi,* 62 NY2d 474, 479, *cert denied* 469 US 1108). Significantly, defendant has not presented any facts showing inconvenience to a single party or other witness to this matter. Indeed, since he maintains his principal place of business in New York, he cannot reasonably argue that he is inconvenienced by having the case heard in New York rather than in California. While the alleged assault may have oc-

curred in California, plaintiff received most of her medical treatment in New York, and California is no more convenient to the parties than is New York.

Finally, the Supreme Court properly rejected defendant's attempt to effectuate the transfer of the defamation, slander and libel suit against him to Suffolk County. Although CPLR 503 (a) requires that venue be "in the county in which one of the parties resided when [the action] was commenced", this Court has held that for venue purposes, "a residence is where a party stays for some time with ' "the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" ' " (Sibrizzi v Mount Tom Day School, 155 AD2d 337, 338). Since defendant has owned and maintained a New York apartment for more than 10 years, he certainly has a real interest in retaining a residence in New York County for the requisite length of time and permanency to support venue.

The remainder of defendant's arguments on appeal relate primarily to the Supreme Court's disposition with respect to plaintiff's motion for interim relief. It is axiomatic that the proper remedy for a dispute regarding an award of temporary maintenance is a prompt trial (Eisenberg v Eisenberg, 169 AD2d 588), and modifications of pendente lite awards should rarely be made except under exigent circumstances (Suydam v Suydam, 167 AD2d 752, 753). Defendant has failed to demonstrate such exigent circumstances.

We have considered defendant's remaining arguments and deem them to be without merit. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.