■ FABIENNE BOURBON, Appellant, v TONY BOURBON, Respondent. [687 NYS2d 426] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 15, 1998, as granted the defendant husband's cross motion to dismiss the action, and (2), an order of the same court, entered July 27, 1998, as, upon renewal and reargument, adhered to its original determination granting the defendant husband's cross motion to dismiss the action.

Ordered that the appeal from the order entered June 15,

1998, is dismissed, as that order was superseded by the order entered July 27, 1998, made upon renewal and reargument; and it is further,

Ordered that the order entered July 27, 1998, is reversed insofar as appealed from, on the law and as a matter of discretion, upon renewal and reargument, the husband's cross motion is denied, so much of the order entered June 15, 1998, as granted the husband's cross motion is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including a determination of the wife's application for pendente lite relief.

In 1960 the plaintiff wife and the defendant husband, both French citizens, were married in France. Eight children were born of the marriage. However, only one child is currently a minor. The family lived in France until 1984, at which time the parties relocated to New York due to the husband's employment. Starting in 1984, the children attended school in New York. The parties' minor child is currently enrolled in a New York school. In 1985 the husband purchased a home in Larchmont, New York. In 1989, the husband became employed at a French-based bank, and he and the family began traveling between New York, where the wife and the children continued to reside, and France. In 1998 the wife commenced the instant action in New York for a divorce and ancillary relief. Approximately one week later, the husband commenced a similar action in France.

Upon the wife's motion for pendente lite relief, the husband cross-moved to dismiss the action, asserting lack of personal and in rem jurisdiction. The Supreme Court dismissed the New York action on the ground that "another action is pending where similar claims exist and plaintiff has submitted to the jurisdiction of the French Court". Subsequently, the wife moved for renewal and reargument, and the court granted renewal and reargument but adhered to its prior determination. We reverse.

Contrary to the husband's claims, although he is domiciled in France, he is a resident of New York, and is therefore, amenable to the jurisdiction of the New York courts (*see, Dobkin v Chapman,* 21 NY2d 490, 506). The husband maintains a home in Larchmont. He files Federal and resident New York income tax returns, and lists the Larchmont home as his residence on those returns. In contrast, he files "non-resident" tax returns in France. He maintains a Citibank account in New York. He also has a New York State driver's license, registers two of the parties' vehicles in New York, and is paid one-half of his salary in New York.

Moreover, the wife established compliance with the durational requirements of Domestic Relations Law § 230 (2), which provides that an action for divorce may be maintained when "[t]he parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding" the commencement of the action (Domestic Relations Law § 230 [2]).

Assuming, arguendo, that the husband's claim that the wife was in France for portions of the year preceding the commencement of the divorce action is correct, the wife has shown compliance with the statute by proof that she was continuously domiciled in New York for one year immediately preceding the commencement of her action for divorce (see, Unanue v Unanue, 141 AD2d 31). The wife has continued to primarily reside in New York since the family moved in 1984. Since 1984 the parties' children have been raised here. The children attended school in New York, and the parties' minor child is currently attending school here. Further, the husband and wife applied for and obtained permanent United States residence status. We note that, by the husband's own admissions in the French petition, the wife has indicated her desire to remain in the United States with the children since 1989.

Moreover, dismissal of the wife's action on the grounds of forum non conveniens is not warranted (see, CPLR 327 [a]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108; Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 73). The wife's residence in New York provides a substantial nexus to this State. In addition, New York is the forum where the parties' minor daughter has been raised and educated.

We reject the claim that the doctrine of comity serves as a basis for New York to decline jurisdiction. CPLR 5302 makes clear that comity is to be applied in the case of "any foreign country judgment which is final, conclusive and enforceable where rendered". Here, the French court has rendered a temporary support order and not a final judgment of divorce. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.