costs. Thus, each party was properly credited with half of the principal paid on the mortgages.

The court also properly refused to credit plaintiff with half of the rental income and insurance proceeds from the parties' commercial property. The court credited the testimony of defendant's accountant that the building did not generate net income because the operating costs exceeded the rental income, leaving nothing to be distributed. Although the court failed to address the insurance proceeds, this Court has the authority to make the required findings concerning those proceeds (*see, Cappiello v Cappiello*, 66 NY2d 107, 110, *rearg denied* 67 NY2d 647; *Majauskas v Majauskas*, 61 NY2d 481, 493-494). The insurance proceeds were obtained as a result of water damage from a leak, and are not subject to equitable distribution because the building will have to be repaired.

Contrary to plaintiff's further contention, the court properly concluded that defendant's insurance agency had no value at the time the action was commenced. "[G]enerally a business is valued as of the date of the commencement of the action [for divorce]" (*LaBarre v LaBarre*, 251 AD2d 1008; *see, Panasci v Panasci*, 187 AD2d 928, 929). Thus, the subsequent sale of the business for a profit in 1995 is irrelevant. "The determination of a fact-finder as to the value of a business, if it is within the range of the testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of North Star Elec. Contr.—N.Y.C. Corp.*, 174 AD2d 373, 373-374, *lv denied* 79 NY2d 752; *see, Dempster v Dempster, supra*, at 582; *Matter of Penepent Corp.*, 198 AD2d 782, 783; *see also, Burns v Burns*, 84 NY2d 369, 375). The court credited the conclusion of defendant's expert that the small and relatively new business, which relied primarily on defendant's efforts, had no monetary value. (Appeal from Order and Supplemental Judgment of Supreme Court, Oneida County, Tenney, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.

■ KAREN E. ESSER, Respondent, v ROBERT ESSER, Appellant. [716 NYS2d 257] —Judgment unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint in this action for divorce. Contrary to Supreme Court's conclusion, plaintiff failed to sustain her burden of establishing that she "has been a resident [of New York] for a continuous period of one year immediately preceding" commencement of this action (Domestic Relations

Law § 230 [1]). Residency may be established either by proof that a person dwelled in New York for a continuous period of one year immediately preceding commencement of an action for divorce or by proof that a person was continuously domiciled in New York for that period (*see, Bourbon v Bourbon*, 259 AD2d 720; *Unanue v Unanue*, 141 AD2d 31, 38-40). Because she relocated to New York less than one year prior to the commencement of this action, plaintiff was required to establish that she was continuously domiciled in New York for the requisite period of time. "Domicile is the place where the parties lived together as husband and wife with the intention of making it their fixed and permanent home" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C230:3, at 29).

In determining that plaintiff met the residency requirement, the court found that plaintiff "never changed her residence" and that she has "always voted officially in the State of New York." The record does not support those findings. There is no evidence that plaintiff has ever voted in New York. Plaintiff testified that she *currently* is registered to vote in New York and that she *currently* has a New York driver's license, but there is no evidence that she either registered to vote in New York or obtained a driver's license in New York prior to relocating to New York less than a year before commencement of the action. Her conclusory testimony that she always intended to reside in New York is insufficient to establish that she is a domiciliary of New York. Thus, the court should have dismissed the complaint.

In view of our determination, we do not reach defendant's remaining contentions. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.