OPINION OF THE COURT
Nicholas Figueroa, J.
Petitioner seeks a preliminary injunction under Business Corporation Law § 1115 and Civil Practice Law and Rules § 6301 directing that:
*208 (a) the corporation, Chris Kole Enterprises, may not transfer any corporate assets, except in the ordinary course of business;
(b) all corporate checks must be signed by both of the 50% shareholders;
(c) all corporate books and records be made accessible to both shareholders;
(d) the corporation may not hire or fire any employee without the express written consent of both shareholders; and
(e) the corporation terminate any employee who it hired after April 1, 2001, without the written consent of both shareholders.
The petitioner makes the injunction application in conjunction with a dissolution proceeding under Business Corporation Law § 1104. That proceeding is returnable in this Court, on June 7, 2001. The corporation is a Delaware corporation whose principal place of business is New York.
The corporation, in its opposition papers, consents to petitioner’s application, except for item (e). It claims that two persons hired after April 1, 2001, Tariq Mohammed and Fikre Ayrle, are essential to the corporation’s operations. The petitioner, in his reply papers, argues that the corporation hired these persons in violation of a January 1,1995 shareholders’ agreement requiring both shareholders to consent to all corporate actions.
Although the corporation has not raised an objection to this Court’s power to grant the relief requested, the Court may determine its subject matter jurisdiction sua sponte (Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324).
A court may only issue an injunction under Business Corporation Law § 1115 which involves an action or special proceeding under Business Corporation Law article 11. In this case, the proceeding is the pending dissolution proceeding under Business Corporation Law § 1104. If the court may not adjudicate the dissolution proceeding, logically it may not grant Business Corporation Law § 1115 relief (see, Raji v Bank Sephah-Iran, 131 Misc 2d 158). Because petitioner has not shown a likelihood of success in the underlying dissolution proceeding, he is not entitled to injunctive relief (id.; see also Grant Co. v Srogi, 52 NY2d 496).
This Court must decline jurisdiction in a proceeding to dissolve a Delaware corporation (see, Langfelder v Universal Labs., 293 NY 200). “It is well settled that a foreign corporation is controlled, as to its dissolution, by the laws of its domicile, and *209 is not affected by laws which are intended to govern the dissolution of corporations created under local laws” (Matter of Warde-McCann v Commex, Ltd., 135 AD2d 541, 542; see also Mook v Berger, 26 AD2d 925). Contrary to petitioner’s argument, a New York court may not dissolve a foreign corporation, even if the corporation’s principal place of business is New York (Langfelder v Universal Labs., supra).
The determinative factor in whether a New York court may dissolve a corporation is the corporation’s domicile (Warde-McCann v Commex, Ltd., supra). Domicile is not synonymous with residence (see, Matter of Rosenthal v Kelly, 275 AD2d 429; Esser v Esser, 277 AD2d 926). While a corporation may reside in New York, or elsewhere, it can only be domiciled in the state where it is incorporated. If the latter is not New York,, a New York court may not dissolve the corporation.
There is no merit to petitioner’s argument that the corporation’s shareholders’ agreement states that the agreement “shall be governed by and construed in accordance” with New York law. The parties may not consent to give this Court a power the law does not give it (see, Siegel, NY Prac § 8 [3d ed]) and so may not consent to the Court’s dissolving a Delaware corporation (Robinson v Oceanic Steam Nav. Co., supra).
Even if this Court had the power to grant the relief petitioner seeks, it could not, on a motion for preliminary injunction, terminate an employee who was hired prior to the injunction. To do so would disturb the status quo, and grant the ultimate relief requested (MacIntyre v Metropolitan Life Ins. Co., 221 AD2d 602, citing Bachman v Harrington, 184 NY 458).
Finally, the fact that the corporation has consented to various items of relief does not give this Court the power to grant relief as to those items (Robinson v Oceanic Steam Nav. Co., supra; Siegel, NY Prac § 8).
Accordingly, the petitioner’s motion is denied in all respects, and the temporary restraining order granted on April 24, 2001 is vacated.