■ Maria Dias Lages Guedes, Appellant, v Joao Branco Guedes, Respondent. [845 NYS2d 416]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lubell, J.), entered March 1, 2007, as granted that branch of the defendant's cross motion which was to dismiss the complaint for failure to comply with the residency requirements of Domestic Relations Law § 230,

and denied, as academic, her motion, inter alia, for temporary restraining orders and pendente lite relief.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Westchester County, to conduct an evidentiary hearing on the residency issue, and a new determination thereafter of the defendant's cross motion and the plaintiff's motion.

In 1965 the plaintiff wife and the defendant husband were married in Portugal. Three children were born of the marriage, all of whom are emancipated. In or around 1984, the parties moved to New York, where they worked and raised their family. At some point after the marriage, the parties built a house in Portugal and frequently visited there for extended periods. In or around May 2004, the defendant, apparently retired and receiving disability payments for a back injury, relocated to Portugal.

On April 4, 2006 the plaintiff commenced the instant action for a divorce and ancillary relief. The complaint alleged that the plaintiff complied with the residency requirements of Domestic Relations Law § 230 (5), and that the defendant constructively abandoned the plaintiff in or around October 2004. In June 2006 the defendant commenced a similar action in Portugal. Thereafter, in the New York action, the plaintiff moved, inter alia, for temporary restraining orders and pendente lite relief. The defendant cross-moved, among other things, to dismiss the complaint on the ground of noncompliance with the residency requirements of Domestic Relations Law § 230. The Supreme Court granted the defendant's cross motion to dismiss upon concluding that two statements contained in the plaintiff's affidavit in support of her application constituted an admission that she abandoned New York as her residence and domicile in 2003 and did not return to New York until September 2005. We disagree.

The durational residency requirements of Domestic Relations Law § 230 may be satisfied by proving that a party has been domiciled or has resided in New York for the continuous period of time specified in the applicable subdivision of Domestic Relations Law § 230 (see *Unanue v Unanue,* 141 AD2d 31, 38-39 [1988]). Physical residency is not the sole test for determining compliance with Domestic Relations Law § 230, but is an alternative to domicile (see *Weslock v Weslock,* 280 AD2d 278 [2001]; *Wittich v Wittich,* 210 AD2d 138, 139 [1994]). Domicile, once established, unlike mere physical residency, is presumed to continue and is controlled by the subjective intent of the party claiming domicile (see *Unanue v Unanue,* 141 AD2d at 39).

Here, the plaintiff asserted that she maintained a New York domicile despite the fact that the parties had spent substantial time periods in Portugal. Sharp questions of fact regarding the residency issue were presented on the motion and cross motion, and the Supreme Court erred in determining the issue solely on the basis of the plaintiff's affidavit submitted in support of a prior pendente lite motion (*see generally Buglione v Buglione,* 279 App Div 1089 [1952]; *Josephson v Josephson,* 276 App Div 845 [1949]; *Wilson v Wilson,* 176 AD2d 115, 116 [1991]; *Rubin v Rubin,* 73 AD2d 148, 151 [1980]). Rivera, J.P., Krausman, Florio and Dillon, JJ., concur.