■ NIRMALA CHELLAPPAN, Appellant, v BABU MURUGAN, Respondent. [882 NYS2d 122]—

In an action for a divorce on the ground of constructive abandonment, the plaintiff wife appeals (1) from an order of the

Supreme Court, Westchester County (Garfein, Ct. Atty. Ref.), entered February 29, 2008, which, sua sponte, directed dismissal of the complaint, and (2), as limited by her brief, from so much of an order of the same court, entered March 31, 2008, as upon, in effect, sua sponte, granting renewal, adhered to the original determination.

Ordered that the appeal from the order entered February 29, 2008 is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5501 [a] [2]; *Brae Burn Country Club, Inc. v Galluzzo,* 55 AD3d 520 [2008]), and we decline to grant leave to appeal as that order was superseded by the order entered March 31, 2008, made upon renewal; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order entered March 31, 2008, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered March 31, 2008 is reversed insofar as appealed from, on the law, without costs or disbursements, and upon renewal, the order dated February 29, 2008 is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

By order entered February 29, 2008, the Supreme Court, sua sponte, directed dismissal of the complaint on the ground that the plaintiff wife had failed to establish that she had continuously resided in New York for a period of at least two years immediately preceding the commencement of the action as required by Domestic Relations Law § 230 (5). After the plaintiff submitted an additional affidavit averring that she had indeed been a New York domiciliary for at least two years prior to her commencement of the action, the court, in effect, sua sponte, granted her leave to renew. However, upon renewal the court adhered to its original determination directing dismissal of the complaint upon the alternate ground that the plaintiff's residency in New York precluded her from proving that she had been constructively abandoned by the defendant, who has resided in India throughout the marriage.

To establish a cause of action for a divorce on the ground of constructive abandonment, the plaintiff must establish that the defendant refused to engage in sexual relations for a period of one or more years prior to the commencement of the action, and that such refusal was unjustified, willful, and continued, despite repeated requests from the plaintiff for the resumption of sexual relations (*see Gulati v Gulati,* 50 AD3d 1095, 1097

[2008]; *Meccariello v Meccariello,* 46 AD3d 640, 641 [2007]; *Hathaway v Hathaway,* 16 AD3d 458, 459 [2005]). Contrary to the conclusion reached by the Supreme Court, the wife's admission that the husband has resided in India throughout the marriage will not necessarily preclude her from establishing the elements of a constructive abandonment claim. In this regard, we note that the plaintiff averred in her additional affidavit that she traveled back and forth to India to be with the defendant, and that her complaint alleges that the defendant's willful refusal to engage in sexual relations occurred in India. Under these circumstances, the court should not have directed dismissal of the action without conducting an evidentiary hearing to determine whether the wife is entitled to a divorce on the ground of constructive abandonment (*see Guedes v Guedes,* 45 AD3d 533 [2007]). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.