Order, Family Court, New York County (Mary E. Bednar, J.), entered on or about April 6, 2011, which granted in part petitioner mother’s objections to an order, same court (Ann Marie Loughlin, S.M.), entered on or about October 8, 2010, to the extent of remanding to the Support Magistrate to increase the award of basic child support from $1,842 to $3,000 per month, and to order that the subject child be removed from New York State’s “Child Health Plus” health care program and placed on *417 respondent father’s private health insurance plan, unanimously modified, on the law, to vacate the Support Magistrate’s order requiring respondent to make a provision in his testamentary estate for the child in the event he is unable to obtain a life insurance policy for the child’s benefit, and direct that respondent name the child as a beneficiary and petitioner as the child’s trustee on a term life insurance policy in his name in the amount of the monthly order of support multiplied by the number of years the child has until she turns 21 years of age, without any exceptions, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about September 7, 2011, which, upon renewal and reargument, adhered to the original determination requiring respondent to place the child on his health insurance plan, unanimously affirmed, without costs.
In determining the basic child support obligation and respondent’s share of the obligation, the Support Magistrate properly imputed $109,210.31 in adjusted gross income to petitioner and $616,000.09 in adjusted gross income to respondent. The Support Magistrate also applied the correct statutory formula (see Family Ct Act § 413 [1]) and properly determined that, upon consideration of the factors set forth in Family Court Act § 413 (1) (f), it would be “unjust or inappropriate” to apply the statutory “child support percentage” to all of the combined parental income in excess of $130,000 (§ 413 [1] [c] [3]; [f]). However, the Family Court properly determined that the Support Magistrate’s award of child support in the amount of $1,842 per month was insufficient and that an award of $3,000 per month would satisfy the child’s “actual needs” and afford him an “appropriate lifestyle” (Matter of Brim v Combs, 25 AD3d 691, 693 [2d Dept 2006], lv denied 6 NY3d 713 [2006]; see also Matter of Erin C. v Peter H., 66 AD3d 451, 451-452 [1st Dept 2009], lv dismissed and denied 14 NY3d 855 [2010], lv denied 15 NY3d 704 [2010]).
The Support Magistrate properly required respondent to pay 85% of child care expenses and unreimbursed medical expenses (see Family Ct Act § 413 [1] [c] [4], [5] [v]), and properly declined to award petitioner child care expenses incurred on overseas trips with her mother and the child. The Support Magistrate also properly declined to award petitioner prospective private school expenses for the then-toddler (see Family Ct Act § 413 [1] [c] [7]).
Although the Support Magistrate properly ordered respondent to obtain life insurance for himself naming the subject child as the beneficiary and petitioner as the child’s trustee, it *418 erred in directing respondent to make a provision in his testamentary estate for the child if life insurance is “unavailable” to respondent. The record shows that respondent has more than two life insurance policies. Accordingly, if respondent is unable to obtain another life insurance policy for the subject child’s benefit, he should be able to add the child as a beneficiary of one of his existing policies. Accordingly, the matter is remanded to the Support Magistrate to order respondent to name the child as the beneficiary and petitioner as the trustee on a term life insurance policy in his name in the amount indicated above, without any exceptions (see Hughes v Hughes, 79 AD3d 473, 476-477 [1st Dept 2010]).
The Family Court properly required respondent to place the child on his health insurance plan. The State’s child health insurance plan should not be used where, as here, one of the parents has health insurance benefits that may be extended to cover the child (see Family Ct Act § 416 [c], [e] [2] [iii]). Respondent has not given sufficient reasons for excluding the child from his plan.
The Family Court properly declined to direct respondent to make child support payments through the Support Collection Unit. The record shows that, from the time of the temporary order of child support until the final order of support, respondent made the required child support payments directly to petitioner on a timely basis. Petitioner has not provided any reason to change the manner of payment.
We have considered the parties’ remaining contentions for affirmative relief and find them unavailing. Concur—Friedman, J.E, DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.
Motion for sanctions denied.