Spain, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered April 23, 2012 in Tompkins County, which denied defendant’s motion to dismiss the complaint.
In December 2011, plaintiff commenced this action for divorce in Supreme Court in Tompkins County, where she resided, against defendant, who resided at that time in Ohio. Defendant moved to dismiss the complaint on the ground that plaintiff did not meet the durational residency requirements of Domestic Relations Law § 230. Supreme Court denied the motion, finding that plaintiff established that her domicile had remained in New York although the parties and their children had lived temporarily in various locations in this country and abroad for many years as required by defendant’s employment. The court also found that defendant failed to meet his burden of showing *843 that plaintiff had changed her domicile from New York to another location. On defendant’s appeal, we affirm, agreeing with Supreme Court’s well-reasoned written decision.
The durational residency requirements of Domestic Relations Law § 230 go to the substance of a cause of action for divorce, which a plaintiff must allege and prove, rather than to the court’s subject matter jurisdiction (see Lacks v Lacks, 41 NY2d 71, 73, 77 [1976]; Unanue v Unanue, 141 AD2d 31, 34 [1988]). While the statute speaks of residency (see Domestic Relations Law § 230), “[t]he term ‘residency]’ . . . has been construed to be synonymous with the term ‘domicile’ ” (Usher v Usher, 41 AD2d 368, 370 [1973]). Thus, “[t]he durational residency requirements of Domestic Relations Law § 230 may be satisfied by proving that a party has been domiciled or has resided in New York for the continuous period of time specified” (Guedes v Guedes, 45 AD3d 533, 534 [2007]; see Esser v Esser, 277 AD2d 926, 926 [2000]). Since plaintiff relocated to New York less than one year prior to commencing this action, she was required to establish, in addition to the parties’ marriage here or their residing in this state post-marriage, that she was continuously domiciled in New York for at least one year immediately preceding commencement of her divorce action (see Domestic Relations Law § 230 [1], [2]; Bourbon v Bourbon, 259 AD2d 720, 722 [1999]; Unanue v Unanue, 141 AD2d at 33, 38-39).
“ ‘Domicile’ has been defined as one’s principal and permanent place of residence where one always intends to return to from wherever one may be temporarily located. A person may have two or more residences but can only have one domicile” (Laufer v Hauge, 140 AD2d 671, 672 [1988], lv dismissed 72 NY2d 1041 [1988] [citations omitted]; see Matter of Beck-Nichols v Bianco, 20 NY3d 540, 558 [2013]). “Domicile, once established, unlike mere physical residency, is presumed to continue [until a new one is acquired] and is controlled by the subjective intent of the party claiming domicile” (Guedes v Guedes, 45 AD3d at 534 [citation omitted]; see Matter of El-Tersli v Commissioner of Taxation & Fin., 14 AD3d 808, 809 [2005]; Matter of Bodfish v Gallman, 50 AD2d 457, 458 [1976] [“To change one’s domicile requires an intent to give up the old and take up the new”]). As such, a “[m]ere change of residence [,] although continued for a long time[,] does not effect a change of domicile” unless there is an intention to change one’s domicile (Matter of Newcomb, 192 NY 238, 250 [1908]; see Matter of Hosley v Curry, 85 NY2d 447, 451 [1995]; Matter of Larkin v Herbert, 185 AD2d 607, 608 [1992]). “The test of intent with respect to a purported new domicile has been stated as whether the place of habitation is the *844 permanent home of the person, with the range of sentiment, feeling and permanent association with it” (Matter of Bodfish v Gallman, 50 AD2d at 458 [internal quotation marks and citation omitted]; see Matter of Kartiganer v Koenig, 194 AD2d 879, 881 [1993]). Where a New York domicile is established, the party asserting a change of domicile bears the burden of proving that change of domicile by clear and convincing evidence (see Matter of Hosley v Curry, 85 NY2d at 451; Unanue v Unanue, 141 AD2d at 39).
The uncontroverted facts are that the parties were both born and raised in New York, where defendant attended college, and the parties married in the City of Ithaca, Tompkins County in 1992 when she was 35 and he was 29. The parties remained in New York for the next three years, during which time their two sons were born in 1993, residing in several locations in this state as necessitated by defendant’s employment. Beginning in 1995 up until 2011, the family relocated six times in connection with defendant’s employment, for the following approximate lengths of time: Vermont (three years), Texas (two years), France (one year), Pennsylvania (one year), England (two years) and, finally, again in France (seven years [2004-2011]). During those successive, temporary relocations, the parties generally filed federal and state income taxes as residents of the state where they then resided.[1] They purchased or leased homes, sent their children to local schools, opened local bank accounts, obtained drivers’ licenses and registered their cars in that particular state. In 2007, they purchased a home in Ithaca, plaintiff’s hometown; plaintiff alleged that this was intended to be their marital home upon their expected eventual return to New York, whereas defendant claimed that it was for investment purposes. It is clear that the parties stayed at this home during their return trips for vacations and holidays to visit family who remain in the Tompkins County area, and there is no indication that this house was ever rented out in their absence.
In 2008, the parties purchased a home in the Town of Orchard Park, Erie County, near where defendant grew up, which he asserts is also for investment purposes, and where his parents now reside. The parties remained in their marital residence in France until February 2011, when plaintiff returned to New York for medical treatment for a brief period, and then returning again for several months thereafter for additional treatment; both times she stayed in the home in Ithaca. When *845 plaintiff traveled back to France for short periods, she stayed in a hotel due to the parties’ marital discord and defendant’s alleged cohabitation with his paramour. Plaintiff left France in June 2011 and defendant left in July 2011, moving for his work to Ohio with one son, where he purchased a home. He was residing in Ohio at the time that plaintiff commenced this action in December 2011 in New York, where she resided with the other son. At that time, the parties owned[2] the two homes in New York (one occupied by plaintiff), a home in Pennsylvania (where they had not lived since 2002 and it is not clear from the record if it was rented), and a home in Ohio where defendant resides; the parties did not address whether the apartment in France was sold or rented.
Supreme Court correctly determined that plaintiff alleged and established her uninterrupted domicile in New York, where she lived for the first 38 years of her life — three while married to defendant and having children — and where her immediate family resides. The court justifiably concluded that her moves with the family from place to place were on a temporary basis to accommodate defendant’s work location changes. Plaintiff established that the multiple changes in residency — including her extended time in France — were only physical changes in residency, and that she never at any time intended to change her domicile from New York, “notwithstanding that she did not dwell here for a continuous period of . . . years immediately preceding her commencement of this action for divorce” (Capdevilla v Capdevilla, 149 AD2d 312, 312 [1989]; see Matter of Hosley v Curry, 85 NY2d at 451; Matter of Newcomb, 192 NY at 250).
Plaintiffs New York domicile established, it was presumed to continue until a new one was acquired, and defendant failed to submit proof establishing by clear and convincing evidence — or creating material factual issues requiring an evidentiary hearing[3] — that she abandoned that domiciliary and intended to *846 adopt a new one. Given the absence of any proof that plaintiff intended to abandon her existing New York domicile and adopt any of the temporary locations as her new permanent home, neither the fact that the parties — of necessity or convenience— established homes and all of the accouterments of family and community life in each location where defendant’s career took the family nor that they generally paid income taxes as residents of the respective locations demonstrates a change of domicile.
Defendant’s claim that France [4] or, alternately, Pennsylvania are plaintiffs new domicile is entirely unpersuasive and unsupported. Neither party resides in either location and no evidence was submitted that plaintiff ever returned even for a visit since leaving in 2011 and 2002, respectively. Moreover, there is a presumption against a foreign domicile which “is stronger than the general presumption against a change of domicile” (Matter of Bodfish v Gallman, 50 AD2d at 458; see Matter of Newcomb, 192 NY at 250). Further, defendant submitted no information regarding the method by which the family entered France, such as whether they obtained an immigration visa or their right, if any, to return permanently (see Matter of Bodfish v Gallman, 50 AD2d at 459).
Finally, considering the purposes for which the durational residency requirements were added, “to preclude the use of our courts in matrimonial proceedings by spouses with no real ties with New York, who would flock here for the sole purpose of obtaining matrimonial relief unavailable in [s]tates that had substantial interests in the marital relationship, it is clear that . . . plaintiff does not fall within this class of spouses” (Unanue v Unanue, 141 AD2d at 41). Accordingly, Supreme Court properly denied defendant’s motion to dismiss the complaint.
Rose, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

. While living in France from 2004 to 2011, the parties filed federal and state income taxes as nonresidents of Pennsylvania, the last state where they resided prior to moving abroad.

. Given that actual title ownership of the respective properties was not established on this record, we refer collectively to the property as the parties’ property.

. While the parties submitted somewhat conflicting affidavits on defendant’s motion, the essential facts pertaining to plaintiffs domicile were not disputed. While domicile is a question of fact (see Usher v Usher, 41 AD2d at 370), defendant’s affidavits did not raise a substantial issue regarding plaintiffs subjective intent to retain New York as her domicile while they moved over the years for his employment (compare id. at 369-371). Accordingly, we discern no abuse of discretion in Supreme Court’s determination to decide the motion on the papers and documentary evidence submitted on the *846 motion rather than holding an evidentiary hearing (see Von Thaden v Groves & Sons Co., 97 AD2d 677, 678 [1983]; see also CPLR 3211 [c]).

. Defendant points to the fact that the parties apparently still owned their home (apartment) in France, which they renovated, and they maintain a bank account there, which is also true of Pennsylvania and, as to home ownership, New York.