■ DINA FOUAD, Appellant, v MOHAMED ESMAT EZZAT MAHMOUD MAGDY, Respondent. [46 NYS3d 577]—

Order and judgment (one paper), Supreme Court, New York County (Lori S. Sattler, J.), entered on or about August 18, 2016, to the extent appealed from, granting defendant husband's cross motion to dismiss the complaint, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, the cross motion denied, and the complaint reinstated.

The parties were married in Egypt in 2006, after which they resided in Dubai. In August 2012, the parties moved to Massachusetts to enable the husband to pursue a degree at the Massachusetts Institute of Technology. In July 2014, the husband accepted a position as an investment associate with Deutsche Bank and, together with plaintiff wife and the parties' two children, moved to New York City. In July 2015, after the husband engaged in an extramarital affair, the parties separated, with the wife and the two children moving to her parents' home in Egypt, while the husband remained in New York.

The wife commenced this divorce action in Supreme Court on October 5, 2015. On April 20, 2016, in response to the wife's motion for an order granting her temporary child support and maintenance, the husband cross-moved to dismiss the action on the ground that he had obtained an Egyptian divorce. In support of his cross motion, the husband submitted an Egyptian bill of divorce, dated October 27, 2015, stating that, on October 13, 2015, he had revocably divorced the wife. Supreme Court granted the husband's cross motion and dismissed the divorce action. Upon the wife's appeal, we reverse.

We reject the husband's contention that the doctrine of comity mandates dismissal of the wife's divorce action. Initially, New York's "first-in-time" rule provides that "the court which has first taken jurisdiction is the one in which the matter should be determined" (*Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 95 [1st Dept 2013] [internal quotation marks omitted]). Here, the wife commenced this action eight days prior to October 13, 2015, the date that the husband sought the revocable divorce under Egyptian law, according to the Egyptian bill of divorce he submitted. We further note that, as the husband concedes, the divorce he sought on October 13, 2015, was revocable for a period of 90 days, and the wife avers that the husband did in fact revoke that divorce on December 5, 2015, before he allegedly instituted a second divorce in February 2016. In addition, the husband failed to submit certification of the purported Egyptian divorce in the form required by CPLR 4542 (a).

To the extent the husband moved for dismissal on the ground of forum non conveniens (*see* CPLR 327), we are not persuaded that New York is an inappropriate forum, as the matter has a substantial nexus with this state (*see Jindal v Jindal*, 54 AD3d 605 [1st Dept 2008]). Although the wife, upon separating from the husband, moved with the two children to her parents' home in Egypt, the parties had lived in the United States for the final three years of their nine-year marriage, the last marital domicile was in New York, and the husband continues to reside and work in New York, the last factor having particular significance to financial issues in this matter.

Finally, contrary to the husband's argument, New York has jurisdiction to determine child custody issues because New York was the children's home state within six months of the commencement of the divorce action, and the husband continues to reside here (Domestic Relations Law § 76 [1] [a]; *see Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 95 [1st Dept 2007], *lv dismissed* 10 NY3d 836 [2008]). We need not determine at this juncture the extent to which Supreme Court, in view of the children's residence in Egypt, should defer determination of such issues to the Egyptian court in which the husband has initiated proceedings. Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.