Spitzer v Spitzer (2018 NY Slip Op 08250)





Spitzer v Spitzer


2018 NY Slip Op 08250


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7783N 314761/15

[*1] Tracy Spitzer, Plaintiff-Appellant,
v
Mark Spitzer, Defendant-Respondent.


Raoul Felder & Partners, P.C., New York (Michael N. Klar of counsel), for appellant.
McLaughlin & Stern, LLP, New York (Valentina Shaknes of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered June 27, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff wife's pendente lite motion for at least $10,000 per month to pay for the actual costs of a certain rental apartment, and for $14,634.66 in basic monthly child support, unanimously affirmed, without costs.
The court properly declined to direct respondent husband to pay for the actual costs associated with the wife's rental of a three-bedroom, three-bathroom apartment on Manhattan's Upper East Side. The court awarded the wife interim maintenance intended to cover all of her basic living expenses, including housing costs, from which the wife does not appeal (see Khaira v Khaira, 93 AD3d 194, 200 [1st Dept 2012]; see also Francis v Francis, 111 AD3d 454 [1st Dept 2013]).
The wife also failed to establish that modification of the pendente lite child support award before trial is warranted (see e.g. Wittich v Wittich, 210 AD2d 138 [1st Dept 1994]). Although she argues that the award of $6,500 is inadequate in light of the husband's wealth, the wife fails to demonstrate that it is insufficient based on the children's actual needs or less than the amount required for a lifestyle appropriate for the children (see e.g. Matter of Vulpone v Rose, 103 AD3d 416, 417 [1st Dept 2013]). In the absence of exigent circumstances, it is well established the remedy for a dispute over pendente lite awards is a prompt trial (see e.g. Wittich at 140).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK