Grant v United Odd Fellow (2020 NY Slip Op 05454)





Grant v United Odd Fellow


2020 NY Slip Op 05454


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 26373/18 Appeal No. 11936 Case No. 2019-3679, 2019-03589 

[*1]Frances Grant, etc., et al., Plaintiffs-Respondents,
v
United Odd Fellow, etc., et al., Defendants-Appellants.


Lewis Johs Avallone Aviles, LLP, Islandia (James P. Connors of counsel), for appellants.
Thomas Torto, New York, for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered March 25, 2019, which denied defendant's motion seeking a change of venue from Bronx to Nassau County, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered July 9, 2019, which, insofar as appealable, denied defendant's motion to renew or reargue the March 25, 2019 order, unanimously dismissed as academic, without costs.
It is undisputed that plaintiff's decedent executed an admission agreement with defendant facility which provides that actions arising out of or related to the agreement shall be brought in Nassau County and that the agreement is binding on the parties' heirs, executors, administrators, distributors, successors, and assigns. Since the material facts were not in dispute and the issue of whether the clause was binding was purely legal, the motion court improperly denied the motion to change venue pursuant to CPLR 501 (see Stainless, Inc. v Employers Fire Ins. Co.,69 AD2d 27, 32-33 [1st Dept 1979], affd 49 NY2d 924 [1980]). Absent a showing by plaintiff that the forum selection clause contained in the admission agreement is "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or. . . that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court," the forum selection clause is prima facie valid and enforceable (Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652 [2d Dept 2015] [internal quotation marks and citations omitted]). There is nothing in the record to support plaintiff's contention that the forum selection clause was unreasonable or obtained by fraud or duress, and the motion court should have granted the motion to transfer venue (Martin v Workmen's Circle Multicare Ctr., 171 AD3d 490 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020