Teixeira v Teixeira (2024 NY Slip Op 00040)

Teixeira v Teixeira

2024 NY Slip Op 00040

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 320063/21 Appeal No. 1339 Case No. 2022-05555 

[*1]Silene Matulis Teixeira, Plaintiff-Appellant,
v
Alvaro Luis Teixeira, Defendant-Respondent.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Lee Anav Chung White Kim Ruger & Richter LLP, New York (Aimee L. Richter of counsel), for respondent.

Order, Supreme Court, New York County (Michael Katz, J.), entered June 28, 2022, which, to the extent appealed from as limited by the briefs, granted defendant husband's cross-motion to dismiss this divorce action on forum non conveniens grounds, unanimously affirmed, without costs.
The court's dismissal on forum non conveniens grounds (CPLR 327) was a provident exercise of its discretion (Morley v Morley, 191 AD2d 372 [1st Dept 1993]). The parties are Brazilian citizens who were married in Brazil. The one child of the marriage is emancipated (cf. Bourbon v Bourbon, 259 AD2d 720 [2d Dept 1999]). Upon defendant husband's relocation by his employer, the parties lived here as a married couple for less than four years of their over 20-year marriage (as measured to the date of commencement of this action), their child left for college soon after the parties and she moved here, and the husband, whose work in international finance takes him around the world, has not worked or lived here since 2021 (cf. Fouad v Magdy, 147 AD3d 436, 437 [1st Dept 2017]).
Moreover, throughout the marriage the parties maintained significant assets in Brazil, including a home, a real estate parcel, a stake in a real estate development company, a car, and several bank and other accounts. The husband, who commenced a divorce action in Brazil after this action was filed, submitted the affidavit of his Brazilian attorney attesting that, pursuant to Brazilian law, Brazilian courts have exclusive jurisdiction over the distribution of those assets. The attorney further attests that, even were the New York court to issue a divorce judgment, the Brazilian property distribution issues would nevertheless have to be litigated in Brazil. Plaintiff wife's response to this point, her own unsupported assertion that the husband's and his Brazilian matrimonial counsel's description was "false," based on her unspecified "understanding," is meritless. Further, the wife does not substantiate her assertion that discovery and litigating in Brazil are less efficient or otherwise inferior to discovery and litigating here.
The wife's other arguments are also unavailing. She claims to have satisfied the NY Domestic Relations Law's jurisdictional requirements, but the court recognized its jurisdiction over this matter and made clear that dismissal was on grounds of forum non conveniens alone. While she has lived here continuously since 2017, and she and the husband were both living here at the time she commenced this action, CPLR 327 itself states this fact is not determinative ("[t]he domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action"). She also does not adequately explain signing documents in Brazilian probate proceedings in 2019 stating that she is a Brazilian domiciliary. The foregoing factors amply support the court's finding that substantial justice warrants that this action be heard before a Brazilian tribunal[*2](Morley, see also Estate of Kainer v UBS AG, 175 AD3d 403, 405 [1st Dept 2019], affd 37 NY3d 460 [2021]).
In addition, the wife does not show that dismissal was improper without an evidentiary hearing. Even if, as she contends, a factual dispute exists as to whether the majority of the parties' assets are in Brazil, she does not deny there are sizeable assets of the parties located there and does not adequately dispute that only a Brazilian court has jurisdiction to determine the assets' distribution. Other factual disputes she cites also do not show a hearing was necessary. Moreover, even assuming, as she contends, that the wife filed this action without violating any agreement between the parties to litigate in Brazil and without knowing the husband had retained Brazilian matrimonial counsel, she does not show the "first in time" rule applies, such that her having filed here before he filed in Brazil would dictate that New York is the most convenient forum. Her reliance on Syncora Guar. Inc. v J.P. Morgan Sec. LLC (110 AD3d 87 [1st Dept 2013]) is misplaced, as that case concerned CPLR 3211(a)(4) and not a forum non conveniens analysis under CPLR 327 (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Jordache Enters., 205 AD2d 341, 343 [1st Dept 1994]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024