Shendelman v Shendelman (2024 NY Slip Op 04934)

Shendelman v Shendelman

2024 NY Slip Op 04934

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 365842/23 Appeal No. 2760-2761 Case No. 2024-03249, 2024-04004 

[*1]Shoshana Shendelman, Plaintiff-Respondent,
v
Vladimir Shendelman, Defendant-Appellant.

Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi Tallentire and Daniel Miller of counsel), for appellant.
Robert S. Michaels, P.C., New York (Robert S. Michaels of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered June 21, 2024, and bringing up for review an order, same court and Justice, entered May 15, 2024, which, to the extent appealed from as limited by the brief, denied defendant husband's motion to dismiss the divorce action on jurisdictional grounds pursuant to CPLR 3211(a), improper venue grounds, and forum non conveniens, unanimously affirmed, without costs. Appeal from the May 15 order, unanimously dismissed, without costs, as subsumed in the appeal from the June 21 order.
As an initial matter, the court held a preliminary hearing, during which both parties were given an opportunity to testify and permitted to examine witnesses on the issue of the wife's intent to remain domiciled in New York.
The court properly denied the motion to dismiss because the husband failed to meet his burden of proving that the wife intended to give up her New York domicile when they moved to New Jersey in 2020 (see Black v Black, 108 AD3d 842, 845-846 [3d Dept 2013]; Capdevilla v Capdevilla, 149 AD2d 312, 313 [1st Dept 1989]). The parties continued to retain ownership of their marital home in the Bronx; the wife worked in New York throughout the entire relevant time period; she voted in New York; had a New York driver's license and registered her car in New York; she renewed her New York gun license; and continued to be seen by her medical providers in New York; and the parties' children continued to attend high school in New York even after the family moved to New Jersey during the COVID-19 pandemic (see Unanue v Unanue, 141 AD2d 31 [2d Dept 1988]). Further, it is uncontested by the parties, that the property they acquired in New Jersey was purchased for the purposes of investment. Additionally, the postnuptial agreement, which was negotiated over the course of six months, expressly stated that it was governed by New York law and that an uncontested matrimonial action must be brought in New York as well. In sum, the totality of the wife's actions do not amount to clear and convincing evidence that she intended to give up her domicile in New York and to make New Jersey her permanent home.
Furthermore, the court providently exercised its discretion in denying the husband's motion for dismissal on the additional ground of forum non conveniens because the matter has a substantial nexus with this state, rendering New York an appropriate forum (see CPLR 327; see also Fouad v Madgy, 147 AD3d 436, 437 [1st Dept 2017]). The husband has not presented any facts showing an inconvenience to either party or other potential witnesses to this matter (see Wittich v Wittich, 210 AD2d 138, 139 [1st Dept 1994]). The parties have lived in New York as a married couple for most of their marriage, raised their children in this state, acquired property, and amassed significant assets. The husband does not dispute that his principal place of business is still in New York, indeed the husband averred that when he separated [*2]from the wife, he moved into an apartment in New York City. Moreover, he now expresses an intention to challenge the postnuptial agreement that was negotiated and executed in New York with the assistance of a New York attorney, which further specified that the law of this state would apply and that an uncontested action should be filed here.
The husband's improper venue argument is unavailing in view of the parties' written postnuptial agreement clearly specifying that a matrimonial action was to be filed in New York County (see CPLR 501). The husband does not argue that the agreement is invalid due to fraud or overreaching or that it is unreasonable or unjust (see Grant v United Odd Fellow, 187 AD3d 440, 441 [1st Dept 2020]; see also Martin v Workmen's Circle Multicare Ctr., 171 AD3d 490 [1st Dept 2019]). The only argument the husband makes is that this case further contributes to the problem of New York County being used as a divorce mill for nonresidents. However, as noted above, the parties have substantial connections to New York and New York County specifically. Further, the husband does not dispute that he currently resides in Florida and would have to travel regardless of whether the case remains in New York County or is transferred to the Bronx, or New Jersey.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024